WATT, APPELLEE, *v.* WATT, APPELLANT.

(No. 1039—Decided March 5, 1942.)

*Messrs. Williams & Stanley,* for appellee.
*Mr. Peter B. Betras,* for appellant.

PHILLIPS, J. Defendant appeals on questions of law from an order of the lower court entered May 6, 1941, modifying a former order making an allowance to defendant in plaintiff's action against her for divorce.

We learn from the record submitted to us that on

June 13, 1932, at the April term thereof, the lower court made the following entry upon its docket in this case:

"Decree of divorce to plaintiff on grounds of gross neglect of duty. Property settlement approved. See journal."

The court's journal entry of even date granted plaintiff a divorce on the ground of gross neglect of duty; found defendant "entitled to an allowance for her future support and maintenance from plaintiff"; barred each of the parties of all right, title and interest of any kind, in the present owned, or after acquired, real or personal property of the other; ordered plaintiff to pay an outstanding obligation of the parties and unpaid alimony *pendente lite*; and "ordered, adjudged and decreed that the plaintiff shall pay to defendant the sum of twenty-five ($25) dollars per month for her support as long as she shall remain unmarried."

We further learn that on the twenty-fourth day of April 1941, at the April term thereof, the lower court made this entry upon its docket:

"Motion to modify alimony order sustained. Upon payment of $450 in monthly payments of $25 by plaintiff to defendant the plaintiff is discharged from all alimony of all time. See journal."

By journal entry of the same date it was ordered and decreed "that plaintiff, Thomas D. Watt, pay to defendant, Mary D. Watt, the sum of four hundred fifty dollars ($450) payable in monthly installments of twenty-five ($25) dollars each, beginning February 1, 1941, until the total sum is fully paid, all such payments to be made to the Clerk of Courts of Trumbull county, Ohio, and upon payment of the full sum of $450, the plaintiff be and hereby is discharged from all alimony order."

A subsequent journal entry was filed May 6, 1941, which provided *inter alia,* as follows:

"Ordered, adjudged and decreed that the plaintiff, Thomas D. Watt, pay to the defendant, Mary D. Watt, in lieu of any and all past or future alimony, whether due or to become due, the sum of $450 payable in monthly installments of $25 each, beginning on the first day of February 1941, and continuing on the first day of each and every month thereafter, until the total sum of $450 has been paid. All such payments shall be made to the Clerk of Courts of Trumbull county, Ohio.

"It is further ordered, adjudged and decreed that upon plaintiff paying the sum of $450 as herein required, said plaintiff is to be and he hereby is discharged from the payment of any other sum or sums of money by way of alimony, support or maintenance, whether due or to become due under any former order of this court, in connection with the above entitled matter. With exceptions to defendant."

Plaintiff filed a motion to dismiss the appeal on the ground that the final appealable order of modification of the lower court was journalized April 24, 1941, and not on May 6th, and that the notice of appeal from the former order was not duly and timely filed on May 16, 1941.

This motion has been carefully considered and is overruled, and we proceed now to determine this case upon its merits.

Defendant assigns eleven grounds of error upon which she relies to secure a reversal of the judgment of the lower court, but in a word her contention is that the lower court's docket entry of June 13, 1932, indicated a private, oral property settlement agreement between the parties which they were competent to make and which the lower court approved; that such agreement and approval was duly journalized as of

even date which made it a final unalterable order of the lower court acted upon and acquiesced in by the parties over a period of years, the provisions of which, by such acquiesence, plaintiff is now estopped to deny and the court powerless to modify.

Plaintiff construes the language in the journal entry of June 13, 1932, that "the court further finds that although defendant has been guilty of gross neglect of duty she is still entitled to an allowance for her future support from plaintiff" and its order "that the plaintiff shall pay to defendant the sum of twenty-five dollars ($25) per month for her support as long as she shall remain unmarried" as an award of alimony to defendant, which plaintiff claims the lower court had no jurisdiction to make in an action in which he was granted a divorce upon defendant's aggression.

It appears to be settled law of this state that a wife may be granted a share of her husband's estate, although in the same proceedings a divorce has been granted to the husband upon her aggression, and it is competent and within the jurisdiction of the trial court, under such conditions, "to order the husband to pay to the wife a certain sum per week * * *, such payments to cease should the wife remarry" (*Rouse* v. *Rouse,* 46 W. L. B., 126), and even where the "decree provides for a monthly payment of alimony * * * extending through a term of years, such payments are in fact not alimony, but property of the husband adjudged to the wife, and are not subject to modification" (*Fenn* v. *Fenn,* 23 C. C. [N. S.], 205, 34 C. D., 215), and "the fact that the allowance which is made to her is referred to in the decree as alimony does not change its character from an allowance made to her out of his estate" (*Moore* v. *Cent. Trust & Safe Deposit Co.,* 18 N. P. [N. S.], 175, citing *Fiesler* v. *Fiesler,* 83 Ohio St., 200, 93 N. E., 899). See, also, *Mathers* v. *Mathers,*

15 C. C. (N. S.), 413, 31 C. D., 110 (affirmed without opinion, *Mathers* v. *Mathers*, 88 Ohio St., 555, 106 N. E., 1068) ; *Kelso* v. *Lovejoy*, 9 C. C. (N. S.), 539, 19 C. D., 597 (affirmed without opinion, *Lovejoy* v. *Kelso*, 76 Ohio St., 598, 81 N. E., 1189).

As a result of a careful and painstaking study of the lower court's docket entry of June 13, 1932, and its journal entry of even date we are of opinion that by the language employed therein the lower court made a division of the property of the parties, and the likely inference is that the court intended to approve the property settlement agreement of the parties to which reference was made in the docket entry, and by the use of the language, which plaintiff claims was an award of alimony to defendant, granted defendant a share of plaintiff's estate, which under authority of the above-cited cases the court could order paid in monthly installments until she remarries. Such order is not now subject to modification.

It follows from what we have said that the judgment of the lower court must be and hereby is reversed, and coming now to render the judgment which the lower court should have rendered this court enters final judgment for the defendant.

*Judgment reversed.*

CARTER, P. J., and NICHOLS, J., concur.