ROBERT L. KNIPFER, appellant, v. MARIAN K. KNIPFER, appellee.

No. 52072.

348

July 14, 1966.

. K. L. Kober, of Waterloo, for appellant.

Beecher, Buckmaster, Beecher, Holmes & Lindeman, of Waterloo, for appellee.

Mason, J.—Robert L. Knipfer, original plaintiff, brought this action in equity, seeking modification of a divorce decree by termination of the alimony requirements of the decree and re-delivery to him of an insurance policy deposited with defendant as security for future payments.

Plaintiff's application alleged there had been a material change of circumstances since the entry of the decree, in that defendant is no longer in a sanitarium incurring expenses of approximately $1048 a month but is gainfully employed and plaintiff has remarried and is unable to continue to make such payments.

The trial court decided the parties contemplated at the time of the divorce decree that the present alimony payments be continued during defendant's lifetime for a period of not less than ten years and payments for such time were a substitute for a property settlement between the parties; there had not been a sufficient change of conditions to modify the decree. The trial court denied plaintiff's application and he appeals.

I.   The question presented is whether an award in a divorce decree payable in monthly installments constitutes alimony or a property division. If it is determined to be alimony, has there been such change of conditions as justify a modification?

The parties were married April 13, 1934, and defendant obtained a divorce on her counterclaim June 7, 1960. She was awarded $500 per month commencing July 1, 1960, during her lifetime and in any event for not less than ten years from the date of the decree. Any amounts not paid under the decree including the obligation to pay alimony for ten years was made a lien upon plaintiff's estate and payable therefrom. Plaintiff was required to deposit with defendant a life insurance policy as security for the required payments.

Neither custody nor support of their three children was involved.

Plaintiff is a physician and surgeon and has practiced in Jesup, Iowa, nearly 31 years. Defendant, although a registered nurse at the time of her marriage to plaintiff, did not practice her profession during the marriage. At the time of the divorce defendant was a patient in a sanitarium in Wisconsin for treatment of alcoholism where she had been approximately 11 months at a cost of approximately $1048 per month.

During their marriage the parties accumulated a residence, then ten years old, worth approximately $65,000, two cars, a duplex valued at $15,000, an office building valued at $15,000

and each had stock valued at between $5000 and $7000.

In addition to the award of monthly payments, defendant retained certain stock registered in her name valued between $5000 and $7000, certain itemized household furniture and her personal effects. All other property was awarded to plaintiff.

■ The decree coincides with a stipulation dictated by the parties, not transcribed, however, nor signed, filed or made a part of the decree. This is immaterial. It is the decree, not the stipulation, which creates whatever rights the parties have. Schultz v. Brewer, 244 Iowa 21, 26, 55 N.W.2d 561, 563; Schultz v. Brewer, 245 Iowa 240, 247, 61 N.W.2d 446, 450; Kuyper v. Kuyper, 244 Iowa 1, 4, 5, 55 N.W.2d 485, 487, and citations; Brin v. Brin, 240 Iowa 659, 664, 37 N.W.2d 261, 264, and citations; Pearson v. Pearson, 247 Iowa 437, 443, 74 N.W.2d 224, 227.

II. At the time of the hearing on the application to modify, plaintiff, then 58, was still practicing his profession in Jesup, still owned the home, office building, two cars and the following stocks: 20 shares General Motors, 50 shares Northern American Life Insurance, 50 shares Life Investors of Iowa; and he carried ordinary life insurance of $38,000 in addition to a $50,000 term policy securing payment of the alimony as contemplated by the decree. His income tax returns indicated adjusted gross income as follows: 1958, $26,486; 1959, $29,481; 1960, $25,691; 1961, $26,424; 1962, $26,019; 1963, $25,917; 1964, $26,239.

In December 1964 plaintiff developed a duodenal ulcer. His physician advised him to take it easy. As a consequence he has lessened his daily hours of work, cut out his Saturday office hours and referred some cases. January 8, 1965, he slipped on ice and suffered a broken back, was in bed for an afternoon and night and had to wear a brace or support. He remarried March 2, 1961. His present wife has two children who make their home with them. Plaintiff has supported them and helped them in college.

For three to four years after the divorce defendant continued to drink and during that time, at periods, was in Kalamazoo state hospital. She had been under guardianship because of her alcoholism since November 1963. At the time of the hear-

ing defendant, age 53, had not drunk for a year and a half. In 1964 she fell and broke her hip. She is still disabled from that and developed a diabetic condition which is controlled by oral medication. Her property consists of some furniture. She owes a department store $1000 and an unknown amount to her guardian's attorney; her medical expenses for 1964 were $3500 and for the previous year $3000. She is presently employed as a staff nurse in a Grand Rapids hospital, earning a gross amount of $375 per month. She has been employed at the present hospital and a previous hospital since April 1964.

III. Plaintiff's contention that his showing of an anticipated reduction in income owing to the state of his health plus his remarriage and the fact defendant is presently employed, as distinguished from her expensive hospitalization at the time of the decree, constitutes a sufficient change of circumstances to justify modification of the decree raises the question noted supra. After noting the question thus raised, the trial court concluded:

"* * * Apparently in exchange for the alimony provisions incorporated in the decree, she relinquished any share she may have had in the substantial property of the parties. Her attorney claims that this alimony award was in the nature of a property settlement.

"* * * [T]he present earnings of the defendant are not such unanticipated development, nor are they of such dependable and continuous nature as to constitute change of conditions sufficient to modify the decree."

IV. In determining the primary question whether the financial provisions made for defendant in the decree constitute a property settlement or alimony, the trial court's employment of the term "alimony" is not conclusive. It is not what the arrangement is called but what it is that fixes its legal status. It is the substance not the form which is controlling. Underwood v. Underwood, Fla., 1953, 64 So.2d 281, 288. If an order constitutes a property settlement as distinguished from alimony, its character is not affected by the name given it. 2A Nelson on Divorce and Annulment, Second Ed., revised volume, section 17.06, citing Watt v. Watt, 69 Ohio App. 322, 43 N.E.2d 633, where at 635 of 43 N.E.2d, the court said: " 'the fact that the

allowance which is made to her is referred to in the decree as alimony does not change its character from an allowance made to her out of his estate.' " (Citing cases)

In determining whether the award here constitutes alimony or a property division, no single factor is controlling. The court must take into consideration all the relevant factors, including the provisions of the agreement between the parties, the circumstances under which the agreement was made, the nature and value of the property owned by and to be divided between the parties, the original divorce proceedings and the terms of the divorce decree sought to be modified. Simpson v. Superior Court, 87 Ariz. 350, 351 P.2d 179, 185.

"The term 'alimony' has always had a technical signification, and, while in modern times, there have been many definitions of 'alimony' set out in the decisions of the courts, which differ more or less in details, they all agree that primarily alimony is an allowance to the wife from the husband for her support in a divorce action, in lieu of the legal obligation of the husband to support her * * *.

"* * * As generally used, it includes permanent alimony. If the allowance is made pending a divorce action, by an order of court, the alimony is termed temporary alimony, * * * while if the allowance is made by the interlocutory or final decree of the court, it is termed permanent alimony. * * *." 2 Nelson on Divorce and Annulment, Second Ed., revised volume, section 14.02.

For similar definitions see 27A C. J. S., Divorce, section 202 (3); 24 Am. Jur.2d, Divorce and Separation, section 514. Strictly speaking, an allowance by a court for support of a child or children in divorce proceedings is not alimony, and this is equally true where the allowance is made pending the action for divorce. 2 Nelson on Divorce and Annulment, Second Ed., revised volume, section 14.75.

We have defined alimony as the allowance made to a wife out of her husband's estate for her support, either during a matrimonial suit or at its termination, when she proves herself entitled to a separate maintenance and the fact of a marriage is established. Duvall v. Duvall, 215 Iowa 24, 28, 244 N.W. 718, 720, 83 A. L. R. 1242.

We have also said the term "alimony" means an allowance for wife's support and is distinguishable from property settlement and child support, but in a broader sense it covers an award made for support of minor children and is used in some instances to designate amount allowed divorced wife in settlement of property rights. Brin v. Brin, supra, 240 Iowa, at 661, 37 N.W.2d, at 262.

The doctrine of alimony is based upon the comon-law obligation of the husband to support his wife, which obligation is not removed by her obtaining a divorce for his misconduct. The matter of alimony is separate and distinct from a determination of property rights of the parties. Latta v. Latta, Fla. App., 1961, 135 So.2d 443, 444, and citations; Miller v. Superior Court, 9 Cal.2d 733, 72 P.2d 868, 871, and citations. Division of property has for its basis the wife's right to a just and equitable share of that property which has been accumulated by the parties as the result of their joint efforts during the years of the marriage to serve their mutual needs. Garver v. Garver, 184 Kan. 145, 334 P.2d 408, 410. In Iowa we recognize that a wife has an interest in the real property accumulated by the husband while the marriage relation exists.

Provisions made in a decree for a divorced wife do not all come within the category of alimony, at least insofar as that term envisions money which a former husband is to pay for her future support. In many cases, the settlement is an adjustment of property rights or is in lieu of dower. As such, the allowance may be considered a substitute for, or in lieu of, her rights in the husband's property as distinguished from those rights of future support.

At the time of the divorce all real estate and personal property accumulated by the parties in 26 years of marriage, over $100,000 in value, was awarded to plaintiff except for defendant's personal effects, certain stocks and bonds and certain itemized furniture, which defendant described as sufficient for a three-room apartment. As a consideration for or an adjustment of the division of the parties' property rights, defendant, the successful party in the litigation, was to be paid $500 per month so long as she lived but in any event for a minimum period of ten years.

Plaintiff's obligation under the settlement made was a charge on his estate and was secured by deposit of a $50,000 insurance policy on his life with defendant as beneficiary. The award was definite, certain and fixed and was to continue for a definite time, even beyond plaintiff's life, a factor not generally embodied in an alimony allowance provided by court decree. The possibility of defendant's remarriage was to have no effect on plaintiff's obligation. It was not logical defendant would have released her claim to the accumulated property for the stock and furniture received and an award of alimony that might be subject to modification or complete termination.

The fact the award was to be paid in installments rather than in a lump sum is immaterial. Farrand v. Farrand, 246 Iowa 488, 493, 67 N.W.2d 20, 23. Defendant was then in a sanitarium, seeking treatment for alcoholism and was subsequently placed under guardianship. Undoubtedly it was the intention of the court and counsel not to award defendant her fair share of the accumulated property in a lump sum because of her weakness for liquor, and it was determined it would be for her best interests to distribute her fair share in monthly installments.

What is important in such cases is whether the settlement is considered a permanent one, for a fixed or determinable sum, and whether such settlement is in lieu of the wife's rights in property, or in lieu of her dower rights. See annotation, 48 A. L. R.2d 270, 302.

It is our opinion the award has more of the characteristics of a property settlement than of alimony. As supporting our position, see Walters v. Walters, 34 Ill. App. 561, 94 N.E.2d 726, 729; Garver v. Garver, supra. We agree with defendant's contention.

V. We now consider the court's authority to modify the award under section 598.14, Code, 1962, which states:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

Except as the rule may be altered by statute, as a general rule, a judgment providing for or approving and adopting an adjustment of property rights as between the parties to a divorce proceeding, or a judgment entered in a divorce proceeding making an award in lieu of dower, like any ordinary judgment, and unlike a judgment for alimony, cannot be modified or vacated after it has become final, in the absence of fraud, coercion or other grounds on which ordinary judgments may be reviewed, modified, vacated or set aside, even though the court rendering the judgment or decree attempts to retain jurisdiction to do so. 27B C. J. S., Divorce, section 300(4).

In Kraft v. Kraft, 193 Iowa 602, 607, 187 N.W. 449, 451, we said: "Where alimony is allowed in a lump sum, as permanent alimony, or where there is a division of the real property of the parties, as permanent alimony, the statute does not authorize a change therein, except for such reasons which would justify the setting aside or changing of a decree in any other case; that the party awarded permanent alimony is not entitled to permanent alimony and support both."

Later the United States Supreme Court in Helvering v. Fitch, 309 U. S. 149, 60 S. Ct. 427, 84 L. Ed. 665, after reviewing the decisions of our court, casts doubt as to the State of Iowa law on the power of the Iowa court to modify an alimony award in a lump sum or a property settlement ratified by a divorce decree. Referring to the Helvering case in Fitch v. Fitch, 229 Iowa 349, 352, 353, 294 N.W. 577, 578, 579, where the legal question was squarely raised as to the power and jurisdiction of the court under what is now section 598.14 to modify a divorce decree in relation to property where permanent alimony is allowed in a lump sum or by a division of property, we said:

"As we read our decisions, we can find little room for doubt as to the attitude we have heretofore taken in reference to this question. * * *

" 'Adjustments in the nature of division or allotment, or in the nature of money equivalent for division or allotment or partition, ordered when decree of divorce is entered, are not "orders in relation to the maintenance of the parties;" and authority to make changes in orders relating to maintenance is not authority

to change an allotment, a partition, a sequestration, or a money allowance made in the stead of these. An order that payments shall be made to maintain the former wife is a draft upon the resources of the former husband, whereby, despite the divorce, there is to be continued such duty to support the wife from day to day as existed while the marriage subsisted. It is an income granted. The lump allowance is a sequestration, which is to be capital from which the divorced wife is to make income which, in whole or in part, is to be a substitute for what the former husband was bound to furnish, prior to the divorce. * * *.' " Quoting from Barish v. Barish, 190 Iowa 493, 503, 180 N.W. 724, 729.

In Pedersen v. Pedersen, 235 Iowa 708, 712, 17 N.W.2d 520, 522, speaking of the court's authority to modify a divorce decree under the provisions of 598.14 (then section 10481), we said:

"It has also been intimated, though not clearly decided, that 'where alimony is allowed in a lump sum as permanent alimony * * * the statute does not authorize a change therein, except for such reasons which would justify the setting aside or changing of a decree in any other case; that the party awarded permanent alimony is not entitled to permanent alimony and support both.' " Citing Kraft v. Kraft, supra.

Later in the same opinion, 235 Iowa, at 713, 17 N.W.2d, at 523, we stated: "We make no pronouncement as to whether a 'lump sum' allowance would be subject to change under the statute."

We now hold the financial provision made for defendant in the decree, being a property division, is not subject to modification under the authority of the statute in the absence of fraud, duress, coercion, mistake or other grounds as would justify the setting aside or changing a decree in any other case.

VI. In view of our holding in Divisions IV and V herein, it is not necessary for us to determine whether there had been a sufficient change of conditions as would justify a modification if the settlement were held to be alimony.

The denial of plaintiff's application is affirmed.—Affirmed.

All JUSTICES concur.