Shirley E. PALS, Appellee,

v.

Marvin L. PALS, Appellant.

No. 54490.

Supreme Court of Iowa.

May 5, 1971.

Lawrence B. Gilchrist, Hampton, for appellant.

Hobson, Cady & Drew, Hampton, for appellee.

MASON, Justice.

October 14, 1968 Shirley E. Pals filed petition for divorce seeking custody of the parties' children, allowance for their support and a property settlement. As a basis for relief sought she alleged defendant had been guilty of cruel and inhuman treatment such as to endanger her life. Section 598.-8(5), Code, 1966. Under this section plaintiff had the burden to prove (1) inhuman treatment and (2) danger to life. The case was decided by the trial court July 24, 1969. Since that time our divorce statute has been completely revised and changed effective as of July 1, 1970.

Defendant Marvin L. Pals appeals from the trial court's decree granting plaintiff the relief sought. Our review is de novo. Rule 334, Rules of Civil Procedure.

The parties were married October 12, 1956 and lived together until October 1968. At time of trial plaintiff was 36 and defendant was 46. Two children were born

of this marriage, Brian Joseph April 29, 1959 and Virginia Loraine March 11, 1962.

I. Defendant's assignment of propositions relied on for reversal may be summarized as challenging (1) sufficiency of the evidence to warrant granting plaintiff a divorce on the ground of cruel and inhuman treatment, (2) sufficiency of the corroboration of plaintiff's testimony, (3) the court's failure to apply the doctrine of recrimination, (4) the award of the children's custody to plaintiff, and (5) the award of alimony.

■ We view the evidence of cruel and inhuman treatment in the light of those well established rules of law set forth in Beno v. Beno, 260 Iowa 442, 445, 149 N. W.2d 778, 780 and in several of our cases following that decision, without repeating them.

We have done this in reaching our conclusion that the evidence warrants granting plaintiff a decree of divorce on the ground defendant's treatment of his wife was of such cruel and inhuman nature as to endanger her life.

■ II. At the time of trial Brian was 10 and Virginia 7. They had been with plaintiff since the parties separated in October 1968 and are described as good, healthy, normal children well cared for by their mother. Their school work improved after the separation.

Witnesses described plaintiff as a good mother, concerned about her children's welfare and disturbed by defendant's lack of interest in their welfare.

Defendant on the other hand usually referred to the children as "him" and "her," seldom by name. He had not held Brian until the boy was two. During the two years before the suit was commenced he had been especially critical of the children and nagged them.

The court awarded custody of the children to plaintiff subject to the rights of reasonable visitation by defendant and ordered him to pay plaintiff toward their maintenance and support $100 per month during the lifetime of each child. As each child reached the age of 18 or otherwise became emancipated payments for that child were to cease.

We are convinced the trial court's decree as to child custody and support is correct as being for the best interest and welfare of these children and defendant's attack in this respect is without merit.

■ III. In his remaining proposition defendant contends the award of alimony is excessive.

Defendant had total assets of $63,900 including an 80-acre unencumbered farm near Belmond, considerable farm machinery and equipment, various savings accounts, household goods and equipment. He owed his father approximately $12,500 on a promissory note. The court placed his net worth at $51,400.

The court made no allowance of alimony but awarded plaintiff household goods and fixtures and a lump sum property settlement of $20,000 payable in four equal installments of $5000, the first installment being payable September 1, 1969. The payments were to bear interest on installments not paid when due and the entire amount with interest on past due installments was made a lien on defendant's farm. The court further provided that although payable in installments the amount awarded should constitute a present debt and survive death of either or both parties.

For a distinction between alimony and a property settlement see Knipfer v. Knipfer, 259 Iowa 347, 352–356, 144 N.W.2d 140, 143–145.

We find the property settlement to be fair and equitable under the circumstances. Defendant's contention cannot be sustained.

■ IV. The application of plaintiff's counsel for attorney fees for services rendered plaintiff on defendant's appeal was ordered submitted with the appeal.

The trial court had made an allowance of attorney fees for services rendered in the trial court.

Plaintiff's counsel in his brief and argument has set forth the time spent in preparing and arguing matters in connection with this appeal.

Without in any way attempting to place a valuation on this service or what counsel should be paid, we simply determine what portion thereof should be paid by defendant. Lovett v. Lovett, 164 N.W. 2d 793, 804 (Iowa 1969). Plaintiff should be allowed $940 toward her attorney fees in addition to any amount previously awarded for services of her attorneys in the trial court. Judgment shall be entered in the trial court against defendant for such additional amount.

Costs shall be taxed against defendant.

Except for the allowance herein made the decree is affirmed. The matter is therefore—affirmed and remanded.

All Justices concur except REYNOLDSON, J., who takes no part.