In re the MARRIAGE OF Ulysses JOHNSON and Anita Johnson.

Upon the Petition of Ulysses Johnson, Appellant,

and concerning

Anita Johnson, Appellee.

No. 64066.

Supreme Court of Iowa.

Dec. 17, 1980.

D. Quinn Martin, Waterloo, for appellant.

Robert C. Andres, of Fulton, Frerichs, Nutting, Martin & Andres, P. C., Waterloo, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, ALLBEE, McGIVERIN and LARSON, JJ.

ALLBEE, Justice.

The important question presented by this appeal is whether a trial court, in response to a petition for modification of an original decree of dissolution, can relieve one party of responsibility for payment of marital debts which the original decree had ordered that party to pay, and thus shift the burden of those debts to the other party.

A brief factual background will aid in an understanding of how this matter arose. The nearly eleven year marriage of Ulysses and Anita Johnson was dissolved by decree on August 1, 1977. Anita, the respondent, was given custody of the parties' two minor children, and Ulysses was ordered to pay

child support of $30 per week per child. The decree also prescribed a division of the parties' accumulated marital property and debts. A few weeks following entry of the decree, Ulysses was fired from his job. In the ensuing months he failed to make his child support payments. In May 1978, Ulysses gained new employment, and in that same month he remarried. The record reflects that his new spouse was employed and enjoyed a substantial income; the remarriage significantly improved Ulysses's overall financial condition. Nonetheless, Ulysses's failure to make child support payments continued. Being substantially in arrears in those payments, and having been subject to motions for citation for contempt of court, Ulysses on October 18, 1978 petitioned for modification of the original decree. In the petition he asked that the child support provision of that decree be "substantially" reduced. As grounds purportedly constituting a substantial change in circumstances, Ulysses cited his loss of employment, the lengthy period of unemployment which followed and reduced income from his current employment. He also alleged that he had paid certain debts allocated to Anita under the original decree and requested that those sums be credited against his child support arrearage.

An evidentiary hearing on Ulysses's petition for modification was conducted on July 19, 1979. Upon conclusion of that hearing, trial court not only denied the relief asked in the petition but also ordered that Anita be relieved of responsibility of certain debts which the original decree had ordered her to pay and additionally directed that Ulysses satisfy those debts. Trial court further ordered that the entire child support delinquency be paid within sixty days and that if it were not satisfied within that time, Anita could initiate contempt proceedings. This appeal followed.

■ I. Our de novo review satisfies us that under the facts peculiar to this case, trial court was justified in declining to modify the child support Ulysses is required to pay. See Mears v. Mears, 213 N.W.2d 511, 514–16 (Iowa 1973) (summary of principles which govern the conditions under which a modification may be made). We deem unnecessary a detailed recounting of the facts and financial considerations before trial court as it would add only length to this opinion and nothing to our body of law. Thus we move on to the issue posed in our opening paragraph.

II. Ulysses challenges trial court's power to modify the debt allocation ordered in the original decree, from which no appeal was taken. In resolving this challenge we perceive these questions: (1) whether allocation of debts between the parties to a marriage dissolution action inheres in the property division ordered in the decree of dissolution; and, if so, (2) whether the property division of the original decree is subject to modification, not by means of direct appeal, but on a petition for modification filed subsequent to the expiration of the time for taking an appeal from the original decree.

■ First, we reason that adjudicating property rights in a dissolution action inextricably involves a division between the parties of both their marital assets and liabilities. Expressed in broader terms, the dissolution decree must necessarily provide which party shall receive particular items of personal or real property and it must likewise assign responsibility for the satisfaction of enumerated debts to one or both of the parties. The allocation of marital debts between the parties is as integral a part of the property division as is the apportionment of marital assets. We therefore conclude that the allocation of marital debts inheres in the property division.

■ Second, we adhere to our previously announced principle that the property division of a dissolution decree is not subject to change upon a petition for modification absent extraordinary exceptions hereafter noted. Knipfer v. Knipfer, 259 Iowa 347, 355–56, 144 N.W.2d 140, 144–45 (1966). Our authority to modify a dissolution decree is rooted in current section 598.21, The Code

1979,[1] formerly section 598.14 prior to the 1970 legislative revision of divorce and annulment statutes. 1970 Session, 63rd G.A., ch. 1266, § 22. The *Knipfer* court, recognizing the limits of the authority found in the predecessor section, stated:

> We now hold the financial provision made for defendant in the decree, being a property division, is not subject to modification under the authority of [section 598.-14] in the absence of fraud, duress, coercion, mistake or other grounds as would justify the setting aside or changing a decree in any other case.

*Knipfer,* 259 Iowa at 356, 144 N.W.2d at 145. The essential need for stability of judgments militates this stance. *See Ash v. Ash,* 172 N.W.2d 801, 803 (Iowa 1969) (dicta).

■ Here, Anita neither pleaded nor proved any of the grounds recognized in *Knipfer* which would allow a court to set aside or modify a property division contained in the original dissolution decree.[2] Consequently, trial court was without authority to change the debt allocation of the original decree to require that Ulysses pay debts which Anita was originally ordered to pay, and therefore its order on the petition for modification must be accordingly modified.

Anita points to language found in *In re Marriage of Schroeder,* 209 N.W.2d 24, 29 (Iowa 1973) for support for trial court's authority to modify the property division made in the original decree. That case, however, dealt only with modifications of property division and maintenance sought by direct appeal from the amended original decree. The reference in that decision to the statutory power of a trial court to modify the rights and obligations of the parties fixed in the court's original decree was only a response to an argument that the trial court there was without authority to modify or amend its original decree. That reference should not be construed to mean more; it does not diminish the principle, enunciated in *Knipfer* and reaffirmed here, that a property division is not subject to change upon a petition for modification absent the establishing of a ground that would justify the setting aside or changing of a decree in any kind of case. *Knipfer,* 259 Iowa at 356, 144 N.W.2d at 145.

■ III. Finally, Ulysses contends that trial court's requirement that he pay the entire child support delinquency within sixty days under threat of contempt if he fails to do so is unreasonable. Under the record before us, we are unable to agree and thus direct that within sixty days from the filing of the procedendo in this case Ulysses shall satisfy that delinquent obligation. However, he may be adjudged in contempt for a failure to do so only upon hearing and a finding that his failure to meet this mandate was willful. §§ 598.23--24, The Code; *see Lane v. Oxberger,* 224 N.W.2d 245, 247 (Iowa 1974). *See generally Lutz v. Darbyshire,* 297 N.W.2d 349, 352 -54 (Iowa 1980).

Except as herein modified, trial court's order is affirmed and the cause is remanded with instructions to enter a decree in conformance with this opinion. Costs on appeal shall be taxed two thirds to Ulysses and one third to Anita.

MODIFIED, AFFIRMED AND REMANDED.

---

1. That section provides:

   When a dissolution of marriage is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be justified. The order may include provision for joint custody of the children by the parties. Orders relating to custody of children shall be subject to the provisions of chapter 598A.

   Subsequent changes may be made by the court in these respects when circumstances render them expedient. § 598.21, The Code 1979.

2. Nor was there any reliance by Anita upon section 602.17, The Code 1979, which would permit a subsequent modification "only to correct an evident mistake." *See Ash v. Ash,* 172 N.W.2d 801, 803 (Iowa 1969) (citing § 604.43, The Code 1966, the predecessor to § 602.17).