In re the MARRIAGE of Wanda Kay KNOTT and Joseph Dana Knott.

Upon the Petition of Wanda Kay Knott, Appellee,

and

Concerning Joseph Dana Knott, Appellant.

No. 67739.

Supreme Court of Iowa.

March 16, 1983.

Richard S. Bordwell and Michael J. Gallagher of Bordwell Law Office, Washington, for appellant.

Donald H. Latzer, Kalona, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ, and CARTER, JJ.

REYNOLDSON, Chief Justice.

Upon petitioner Wanda Kay Knott's application alleging a change of circumstances, the district court modified the property settlement provisions of a dissolution decree. Respondent Joseph Dana Knott appeals, and we reverse and remand.

The dissolution decree was filed July 23, 1981. Wanda was granted custody of the parties' three children. The homestead, located in Kalona, Iowa, was vested in Joseph and Wanda as tenants in common, with Wanda to have possession

> so long as she lives at said premises and until such time as the youngest of the minor children ... reaches the age of eighteen, becomes married or becomes self-supporting, whichever occurs first, and that at said time the above-described real estate shall be sold, and after payment of all debts against said real estate and costs of sale, the net proceeds ... shall be divided equally between the parties.

Wanda was to pay the mortgage installments, taxes, insurance and upkeep. Other provisions of the decree, including Joseph's obligation to pay child support, are not relevant here.

In this record it is undisputed that on August 29, 1981, Joseph destroyed the home by arson.

September 4, 1981, Wanda filed her application to modify the dissolution decree, requesting that Joseph's visitation rights with the children be terminated, and that the homestead property be vested in her. Following a hearing, trial court filed its ruling October 2, 1981. This ruling modified the decree to terminate Joseph's right of visitation with the children. That part of the ruling is not challenged. The court further ruled, however, that the prior decree be modified by vesting the title to the homestead "in Wanda Kay Knott to be her sole property."

Appealing, Joseph asserts trial court had no authority to modify the property division of the dissolution decree when Wanda neither pleaded nor proved the original decree was the product of fraud, duress, coercion, or mistake, and when the sole ground for modification was based on a subsequent change of circumstances.

■ I. Despite the compelling circumstances surrounding this case, we find the principle announced in *Knipfer v. Knipfer,* 259 Iowa 347, 356, 144 N.W.2d 140, 145 (1966), controlling. There, as here, the applicant for modification relied on the statute authorizing modification of divorce (dissolution) decrees upon a change of circumstances. We stated:

> We now hold the financial provision made for defendant in the decree, being a property division, is not subject to modification under the authority of the statute in the absence of fraud, duress, coercion, mistake or other grounds as would justify the setting aside or changing a decree in any other case.

We followed the above rule in *In re Marriage of Johnson,* 299 N.W.2d 466, 467–68 (Iowa 1980). The "grounds as would justify the setting aside or changing a decree in any other case," *Knipfer,* 259 Iowa at 356, 144 N.W.2d at 145, are found in Iowa Rule of Civil Procedure 252. All these grounds

relate to matters antedating the original judgment or decree, or existing at the time it was entered. The circumstances relied on by Wanda in this case arose following entry of the dissolution decree.

The policy behind the *Knipfer* and *Johnson* rule is apparent. Inequitable property division in a dissolution decree should be corrected by an appeal. Thereafter, property rights ought to be accorded some permanency. Rights of third persons may be implicated. Real estate titles, once fixed, should not be subjected to revision with the subsequent ebb and flow of the fortunes of the former parties to the litigation.

The statute involved here, Iowa Code section 598.21(8) (1981), provides, "The court may subsequently modify orders made under this section." Other subsections provide for orders relating to child custody, support and property of the parties, just as did its predecessor statutes, Iowa Code section 598.14 (1962) (*Knipfer*) and Iowa Code section 598.21 (1979) (*Johnson*). We find no material change in the language of these statutes. Examining all the language in Iowa Code section 598.21(8) (1981), we confirm our prior holdings that the legislature did not intend that the statutory modification on change of circumstances apply to property divisions made in a dissolution decree.

II. Wanda, attempting to avoid the rule discussed in the last division, argues that the award of exclusive possession of the real estate was a proper award for the support, maintenance and welfare of the minor children of the parties, and thus modifiable upon a showing of a substantial change of circumstances.

In interpreting a dissolution decree, the determinative factor is the intent of the trial court as gathered from the decree and other proper evidence. *Bowman v. Bennett,* 250 N.W.2d 47, 50 (Iowa 1977). In this case trial court's findings were subdivided and captioned, including "Child Custody," "Duties of Support" and "Property Settlement." Those provisions sought to be modified in this proceeding were set out as part of the "Property Settlement." We find tri-

al court intended the provisions relating to the homestead to be a part of the property division, not a provision for child support and maintenance. *See In re Marriage of Steenhoek,* 305 N.W.2d 448, 454 (Iowa 1981) ("The award of the house to [the custodial parent] was part of the property division. Although it may be considered in determining the resources that will be necessary to care for the children, it is not a substitute for child support."). Accordingly, they are not subject to a section 598.21(8) modification.

III. Nothing we have written in this decision has been intended to limit any alleged right Wanda might assert against the house insurer, *see Hedtcke v. Sentry Insurance Co.,* 109 Wis.2d 461, ——, 326 N.W.2d 727, 740 (1982); Annot., 11 A.L.R. 4th 1228 (1982), or against Joseph for enhanced child support, or for tort or waste. *See* 93 C.J.S. *Waste* § 7, at 563 (1956), 86 C.J.S. *Tenancy in Common* § 51, at 418 (1954).

We reverse and remand for modification of the district court ruling in conformance with this opinion.

REVERSED AND REMANDED.