In re the MARRIAGE OF Charlene Mildred KEHRLI and Wilbur Elmer Kehrli.

Upon the Petition of Charlene Mildred Kehrli Jacobson, Petitioner-Appellant,

and Concerning Wilbur Elmer Kehrli, Respondent-Appellee.

No. 84–1926.

Court of Appeals of Iowa.

Oct. 29, 1985.

Jay P. Roberts and David L. Takes, of Swisher & Cohrt, Waterloo, for petitioner-appellant.

William C. Ball and Philip A. Hershner, of Ball, Kirk, Holm & Nardini, Waterloo, for respondent-appellee.

Considered by SNELL, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Petitioner, Charlene Mildred Kehrli, appeals the trial court's order denying modification of the divorce decree entered in this matter on the 27th of March, 1975. In that decree, Charlene was awarded an eighty-acre tract of land, subject to the right of respondent, Wilber Elmer Kehrli, to retain possession of said land until the youngest of the parties' children reaches the age of eighteen. In order to exercise that option to maintain possession of that tract of land, Wilbur was required to pay the sum of $3000 per year (at the rate of $250 per month), to pay all taxes and insurance upon the land, and to keep the land and all improvements in as good condition as they were at the time of the decree. In addition, Wilbur was required to pay the balance of $8000 indebtedness upon that tract of land. When the youngest child becomes eighteen (in May 1989), Wilbur's right of possession under the arrangement provided in the decree will cease, and Charlene will be able to do with the land as she wishes. The record shows that Wilbur has made all payments required of him, and has made improvements upon the land as well.

Charlene's sole claim is that the yearly payment of $3000, plus taxes and insurance is far below the fair rental value of the 80-acre tract, and that the trial court, at the time of the decree of dissolution, made a mistake in failing to provide for changes in the rental rate, in accordance with the reasonable market value. She claims that the rental values have changed upward substantially, resulting in a substantial change in circumstances. Accordingly, she argues, there should be a modification of the decree provisions.

Ordinarily, a dissolution decree settles all property rights and interests of the parties. *Prochelo v. Prochelo*, 346 N.W.2d 527, 528 (Iowa 1984). As stated in *Knipfer v. Knipfer*, 259 Iowa 347, 356, 144 N.W.2d 140, 145 (1966):

We now hold the financial provision made for defendant in the decree, being a property division, is not subject to modification under the authority of the statute in the absence of fraud, duress, coercion, mistake or other grounds as would justify the setting aside or changing a decree in any other case.

Commenting on that case in *In re Marriage of Knott*, 331 N.W.2d 135 (Iowa 1983), at page 136, and 137, the court said:

The "grounds as would justify the setting aside or changing a decree in any other case," *Knipfer*, 259 Iowa at 356, 144 N.W.2d at 145, are found in Iowa Rule of Civil Procedure 252. All these grounds relate to matters antedating the original judgment or decree, or existing at the time it was entered. The circumstances relied on by Wanda in this case arose following entry of the dissolution decree.

The policy behind the *Knipfer* and [*In Re Marriage of*] *Johnson* [299 N.W.2d 466 (Iowa 1980)] rule is apparent. Inequitable property division in a dissolution decree should be corrected by an appeal. Thereafter, property rights ought to be accorded some permanency. . . .

■■■ The provision in this decree, concerning the possession of the 80 acres, and the payment of $3000 and the other costs thereof, constituted a part of the property division, and is not subject to modification, in the absence of one of the grounds set out in *Knifper* and in *Knott*. Charlene claims the court made a mistake, in setting the amount without providing for adjustment of it. We cannot assume the court was unaware of rising land values and rentals, when the provision was made. Further, the Iowa Supreme Court was aware of the rise in values, when it considered the appeal brought by the respondent in this case. *In re Marriage of Kehrli*, 241 N.W.2d 923 (Iowa 1976).

It is significant to note, that although Wilbur appealed the property division of the original decree, Charlene did not cross-appeal, and apparently accepted the division as equitable at that time. At least, there was no claim in that appeal, that the court had made its decision on the basis of mistake of fact.

The initial decree, affirmed by the supreme court, was not the result of mistake, and its provisions now under attack having been a part of the property division, are not subject to modification for the reasons here urged.

The decision of the trial court is affirmed.

AFFIRMED.