In re the MARRIAGE OF Ellen Marie
WAGGONER and Larry
George Waggoner.

Upon the Petition of

Ellen Marie Waggoner,
Petitioner–Appellant,

And Concerning

Larry George Waggoner,
Respondent–Appellee.

No. 88–56.

Court of Appeals of Iowa.

Feb. 23, 1989.

Morris L. Eckhart of Milroy & Eckhart, Vinton, for petitioner-appellant.

Stephen B. Jackson of Hines, Pence, Jackson, Day & Powers, Cedar Rapids, for respondent-appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

Petitioner Ellen Marie Waggoner appeals the district court's dismissal of her cross-petition to modify the decree of dissolution. The cross-petition alleged that respondent husband's pension plan was not considered by the court in making the original provisions of the decree "due to fraud, irregularity, or mistake." Petitioner claims the district court erred in: 1) sustaining respondent's motion to dismiss her cross-petition; and 2) overruling her motion for leave to amend. We affirm.

The marriage of Ellen Marie and Larry George Waggoner was dissolved by decree of dissolution entered June 27, 1985. Larry was ordered to support the couple's youngest child, Lynne, while she was attending college or until she became twenty-two. Once Larry was no longer supporting Lynne, he was ordered to pay alimony of $250 per month until Ellen died or remarried. Lynne quit school on May 16, 1987, and turned twenty-two years old on August 26, 1987. Larry filed a petition to modify the decree of dissolution on May 29, 1987, asking that his alimony terminate because Ellen had entered into a relationship "which is similar to marriage, or is a common law marriage." Ellen filed her cross-

petition on July 2, 1987, and Larry filed a motion to dismiss the cross-petition, which the court sustained. The court found that the cross-petition sought relief under Iowa Rule of Civil Procedure 252, and thus, should be dismissed because it was not filed within the time constraints of Iowa Rule of Civil Procedure 253.

During the trial of Larry's modification action, Ellen sought to amend her answer to show that she was seeking an increase in alimony based on the value of the pension plan. The court denied her motion for leave to amend and also denied Larry's application for modification.

Ellen contends that the district court should not have sustained Larry's motion to dismiss. She claims that the court should have construed her cross-petition to modify the decree as a request for additional alimony based on the value of Larry's pension plan, and that such relief is within the scope of the cross-petition under Iowa Rules of Civil Procedure 67 and 69(a)(1).

As stated in *Dunn v. Rose Way, Inc.*, 333 N.W.2d 830 (Iowa 1983), our scope of review in this matter is based upon the following principles:

> A motion to dismiss admits, and is decided solely upon, all facts well pleaded. [Authority.] It is only sustainable when it appears to a certainty the pleader has failed to state a claim on which relief may be granted. [Authority.]

*Id.* at 831 (citing *Peffers v. City of Des Moines*, 299 N.W.2d 675, 677 (Iowa 1980)).

■ Upon our review, we believe that the trial court correctly concluded that Ellen's petition to modify the decree of dissolution seeks relief under Iowa Rule of Civil Procedure 252 and is, in effect, a petition to modify or vacate judgment. In her cross-petition, Ellen seeks to modify the district court's property award by urging this court to consider Larry's pension plan. As a general rule, the Iowa courts have considered a spouse's pension benefits as an asset to be considered in dividing marital property. *See In re Marriage of Bevers*, 326 N.W.2d 896, 900 (Iowa 1982), *In re Marriage of Jensen*, 396 N.W.2d 367, 369 (Iowa App.1986); *In re Marraige of Byall*, 353

N.W.2d 103, 106 (Iowa App.1984). However, in *Knipfer v. Knipfer*, 259 Iowa 347, 144 N.W.2d 140 (1966), the Iowa Supreme Court stated that property divisions are not subject to modification proceedings "... in the absence of fraud, duress, coercion, mistake or other grounds as would justify the setting aside or changing a decree in any other case." 259 Iowa at 356, 144 N.W.2d at 145. The "grounds as would justify the setting aside or changing a decree in any other case," *id.*, are found in Iowa Rule of Civil Procedure 252. *In re Marriage of Knott*, 331 N.W.2d 135, 136 (Iowa 1983). Rule 252 provides:

## RULE 252. JUDGMENT VACATED OR MODIFIED: GROUNDS

Upon timely petition and notice under R.C.P. 253, the court may correct, vacate or modify a final judgment or order, or grant a new trial on any of the following grounds:

(a) Mistake, neglect or omission of the clerk;

(b) Irregularity or fraud practiced in obtaining the same;

(c) Erroneous proceedings against a minor or person of unsound mind, when such errors or condition of mind do not appear in the record;

(d) Death of a party before entry of the judgment or order, and its entry without substitution of his proper representative;

(e) Unavoidable casualty or misfortune preventing the party from prosecuting or defending;

(f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial, and was not discovered within the time for moving for new trial under R.C.P. 244.

In basing her cross-petition on grounds of "fraud, irregularity, or mistake," Ellen's cross-petition clearly falls under Rule 252 and the time constraint of Rule 253, which provides that "[a] petition for relief under R.C.P. 252 must be filed in the original action within one year after the rendition of the judgment or order involved." The

record indicates that Ellen's cross-petition to modify was filed approximately two years after the original decree of dissolution. We therefore affirm the district court's ruling sustaining Larry's motion to dismiss Ellen's cross-petition.

Ellen also alleges that the trial court erred in overruling her motion for leave to amend. She claims that the motion was made to clarify that she was seeking an increase of alimony based upon Larry's pension plan, and was therefore not an attempt to modify the property award. Iowa Rule of Civil Procedure 88 provides guidelines for deciding whether amendments to pleadings should be allowed and states that "Leave to amend ... should be freely given when justice so requires." Leave to amend generally is granted when there is no substantial change in the defense or issues of the case. *Chao v. City of Waterloo*, 346 N.W.2d 822, 825–26 (Iowa 1984). We believe that an amendment in this case would substantially change the issue in this case and we affirm the trial court's ruling.

AFFIRMED.