Robert G. KLEINSMITH, Appellee,

v.

NORTHWEST BANK AND TRUST COMPANY, An Iowa Banking Corporation, Appellant,

and

Gary A. Vanpelt and Carolyn Vanpelt, Defendants.

No. 90–1857.

Supreme Court of Iowa.

Nov. 20, 1991.

Rehearing Denied Dec. 30, 1991.

John T. Flynn of Brubaker, Flynn & Darland, P.C., Davenport, and Jonathan J. Slavens of Northwest Bank and Trust Co., Davenport, for appellant.

Gary M. Lane of Wehr, Berger, Lane & Stevens, Davenport, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and SNELL, JJ.

LARSON, Justice.

In Robert and Ella Kleinsmith's 1983 dissolution decree, the family home was granted to Ella, who was required to pay the balance owed on it under a real estate contract. The decree also provided for a "loan" by Robert to Ella of $350 per month for two years with provisions for repayment by Ella. No lien was provided to secure this loan.

In a later order, the court modified the original custody and child support provisions, pursuant to a stipulation of the parties, and also imposed a lien on the home to secure the amounts advanced by Robert under the original loan. Under the modified order, the loan was "due and payable" upon sale of the property.

The issue on appeal is whether the provision by the court for a lien in the modification order is valid and whether it has priority over a later mortgage given by Ella to the Northwest Bank and Trust Company. The district court granted Robert's motion for summary judgment, ruling that he had a valid and enforceable lien. On the bank's appeal, we affirm.

The bank argues that the purported lien is invalid for several reasons, and even though the bank is a stranger to the dissolution decree, it has standing to challenge the modification decree insofar as it grants the lien to Robert. Essentially, the bank claims the court lacked subject matter jurisdiction to impose the lien through a modification order.

██ Subject matter jurisdiction is broadly defined as the power of a court to hear and determine cases of the general class to which a particular proceeding belongs. *In re Estate of Dull*, 303 N.W.2d 402, 406 (Iowa 1981). Subject matter jurisdiction cannot be waived or vested by consent. *Id.* Thus, the bank argues, the agreement by the parties that the property be subjected to a lien cannot legitimize the modification if the court lacked jurisdiction to order it.

The power to determine cases of this general class, *i.e.*, modification of dissolution decrees, is provided by statute. Iowa Code § 598.21(8) (1991) ("The court may subsequently modify orders made under this section when there is a substantial change in circumstances."). The bank points out that specific provisions of section 598.21(8), however, regarding modification of child support and custody orders, implies that no modification of property settlements is contemplated. This, in fact, was the holding of this court in *In re*

*Marriage of Knott,* 331 N.W.2d 135, 137 (Iowa 1983).

> The policy behind [this] rule is apparent. Inequitable property division in a dissolution decree should be corrected by an appeal. Thereafter, property rights ought to be accorded some permanency. Rights of third persons may be implicated. Real estate titles, once fixed, should not be subjected to revision with the subsequent ebb and flow of the fortunes of the former parties to the litigation.

*Id.*

■ Because the substantial-change-of-circumstances grounds for modification under section 598.21(8) do not apply to property divisions, modification of a property division may be made only on grounds "as would justify the setting aside or changing a decree in any other case." *Knott,* 331 N.W.2d at 136 (quoting *Knipfer v. Knipfer,* 259 Iowa 347, 356, 144 N.W.2d 140, 145 (1966)). In *Knipfer,* we noted that those grounds are found in Iowa Rule of Civil Procedure 252 and apply only to circumstances *pre* dating the judgment (*e.g.,* fraud, etc.). *Knott,* 331 N.W.2d at 136–37.

■ Here, the parties agreed that a lien would be imposed by the modification decree. In that case, the authority of the court to modify a decree is not limited to the grounds of rule 252, if the court had jurisdiction to do so. We believe it did. Contrary to the bank's argument our refusal to recognize a modification of property settlements on grounds of changed circumstances is not based on a lack of subject matter jurisdiction but on the policy principles noted in *Knott.* In the present case, no rights of third parties were affected by the modification. Nor are there any of the other policy grounds noted in *Knott* present that militate against the modification of property settlements.

■ The bank cannot claim to be misled by the property division of the original decree; the modification decree, and a later quitclaim deed from Robert to Ella specifically noting his lien, were both recorded before the bank took its mortgage. In fact, the bank's attorney noted the lien in his title opinion for the bank.

For this reason, we also reject the bank's argument that it did not have notice of the lien.

AFFIRMED.