In re the MARRIAGE OF John R. DEMORY and Ann E. Demory.

Upon the Petition of John R. Demory, Petitioner–Appellant/Cross–Appellee,

And Concerning Ann E. Demory, Respondent–Appellee/Cross–Appellant.

No. 88–939.

Court of Appeals of Iowa.

April 25, 1989.

John H. Johnson, of Leonard, Johnson & Graeser, P.C., Sidney, for petitioner-appellant/cross-appellee.

Maynard S. Telpner, of Telpner, Smith, Sawatzke & Ruesch, Council Bluffs, for respondent-appellee/cross-appellant.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

OXBERGER, Chief Judge.

Petitioner-appellant/cross-appellee John R. Demory appeals from the dissolution decree provisions awarding Ann primary physical care of their minor child, the family home and certain property. Respondent-appellee/cross-appellant Ann E. Demory contends the trial court should have given a higher value to John's interest in the grocery store business and seeks an increase in child support as well as appellate attorney fees. Affirmed as modified.

John and Ann were married November 28, 1970. One child, Benjamin, was born during the marriage in 1979. Both parties were thirty-nine years old at the time the decree was entered in June 1988. John is employed in a family-owned grocery business earning $37,084 annually plus a $3,900 bonus and a company vehicle. His two brothers and parents now own the business after John sold his stock to his parents in December 1986 in order to "establish their value." Ann has a nursing degree, and works as a school nurse and counselor earning approximately $18,496 annually.

The trial court granted the parties joint legal custody of Benjamin with primary physical custody to Ann. John has very liberal visitation rights and the parties cooperated very well prior to trial. The decree shows the trial court made the following assessment of values and division of property:

| Party | Item | Net Value |
|---|---|---|
| Ann | Homestead | $ 29,241,57 |
| Ann | 1986 Toyota | 2,540.00 |
| Ann | 1978 Jeep | 1,500.00 |
| Ann | Furniture/Appliances | 10,000.00 |
| Ann | IRA accounts | 34,615.64 |
| Ann | Cash Ann gifted to brother | 5,000.00 |
| John | Retirement account | 122,863.35 |
| John | Guns | 9,000.00 |
| John | Proceeds from corn sale | 3,230.00 |
| John | Proceeds from boat sale | 3,500.00 |
| John | Cash John gifted to family | 27,000.00 |
| John | 1979 Kawasaki | 1,000.00 |
| John | Tax debt | −14,000.00 |

Net Value Total: Ann = $ 82,897.21
John = $154,917.86

In addition, the court ordered John to make six payments of $6,000 to Ann, making the division equal. John was ordered to pay $350 per month child support.

Our review of this equitable proceeding is de novo. Iowa R.App.P. 4. We give considerable weight to the trial court's findings of fact but are not bound by them. Iowa R.App.P. 14(f)(7).

I.

We consider the relevant factors listed in Iowa Code section 598.21 (1987) to determine whether the trial court's property division was equitable.

■ John contends the trial court's attempt to split the assets on a 50/50 basis was not equitable. He feels the accumulation of property and provision of family needs was the result of his dedicated work alone. He argues Ann spent her salary on herself and work-related gifts and was often absent from the home pursuing private interests. The trial court noted and we agree, neither party devoted much of their free time to Benjamin or family activities.

A review of the record shows the parties did not fight about money expenditures and John was well aware Ann used her salary to buy gifts for needy children she met through her job. She also made purchases for the family. Her job hours matched Benjamin's school hours and her presence in the home certainly allowed John to devote very long hours to the business when the store was first started. This was almost an 18–year marriage. The assets listed by the trial court were properly considered marital assets.

■ Ann argues the trial court's valuation of John's stock in the business was too low and a proper value should be included as an asset to John. The trial court determined the $87,000 price at which John sold the stock to his parents accurately reflected the fair market value. Ann's expert testified the stock was worth $221,503.00 to $224,747.00. One witness testified the net worth of the store was $360,609.74.

We conclude the trial court correctly accepted $87,000 as the fair market value because the other valuations do not reflect a discount necessary when dealing with the sale of stock in a closely-held corporation. The articles of the corporation required sale of stock to be made only to persons acceptable to the other stockholders, i.e., John's brothers. John tried to sell the stock to a banker in town who was not interested. The brothers have a reputation in town for arguing frequently about business matters. Although the business appears to be doing very well, testimony indicated a competing grocery store may open across the street from Demory's. We conclude the court's acceptance of $87,000 sale

9

price as an accurate figure of the stock's value was well within the permissible range of evidence and we will not disturb it on appeal. *In re Marriage of Griffin*, 356 N.W.2d 606, 608 (Iowa App.1984).

The trial court went on to find $60,000 of this sale price represented a gift made to John by his parents to start the business but included the remaining $27,000 as a marital asset which John gifted back to his parents and a brother without Ann's knowledge. We agree with the court's finding the $60,000 represents a gift John's parents made to him and should not be divided between the parties. Iowa Code section 598.21(2) (1987); *In re Marriage of Dahl*, 418 N.W.2d 358, 360–61 (Iowa App.1987).

The stock was held in John's name alone. No attempt was made to repay the money nor did his parents request repayment. His salary from working at the store was used for the benefit of his family. The $27,000 above the gift amount was properly considered a marital asset as it reflects sacrifices made by both parties during the marriage which allowed John to spend time at the store. *See In re Marriage of Thomas*, 319 N.W.2d 209, 211 (Iowa 1982).

We have reviewed the parties' other challenges to the property division. We note the trial court did amend its findings and properly awarded Ann her IPERS account valued at $7,440.18. We find no change in the property division is necessary. Ann's cash gift to her brother should not have been considered an asset to her, as the money was already represented in the award of the Toyota to Ann. Her brother made a $4,000 down payment for this car as repayment for the $5,000 loan. An equitable division of property does not require an equal split of the parties' assets. *In re Martens*, 406 N.W.2d 819, 821 (Iowa App.1987).

## II.

John contends he should be given physical custody of Benjamin. The general principles used as guidelines in determining which is the proper custodial parent are summarized in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974), and *In re Marriage of Bowen*, 219 N.W.2d 683, 687–88 (Iowa 1974). We agree with the trial court's reasoning and its conclusion Ann is the better parent to minister more effectively to the long-range best interests of Benjamin.

The record shows both parties have had extra-marital relations. The trial court specifically questioned the parties and concluded Benjamin was not aware of this activity although he is having some behavioral problems due to the dissolution. Consequently, Ann and John have become much more involved with Benjamin.

The record reveals Benjamin spent much of his time with babysitters when Ann was having personal problems and John was spending extraordinary hours on the new grocery business. After reviewing the testimony, we agree with the trial court's reasoning in giving Ann physical custody of Benjamin. She has made tremendous improvements in behavior since attending her counseling group. Her work hours more closely match Benjamin's school hours. Ann and John have shown commitments in spending more of their free time with Benjamin, which we commend. John, however, is still very involved with his job at the store. He works several nights and sometimes six days a week. The parties have had no problems with visitation schedules. Ann now seems content to live in Glenwood and is strongly committed to her job and the people in the area. She recognizes Benjamin's need for his father and John's extended family. The record reveals Benjamin is more able to discuss his feelings and problems with Ann. Given these findings, we will not disturb the trial court's award of physical custody to Ann.

## III.

We have reviewed the financial status of the parties, including their salaries, property awards, monthly payments and Benjamin's needs. The trial court required John to pay $350 per month child support. We find the disparity of incomes and estimated monthly costs indicate John should be required to pay additional child support for the period set out in the decree. We

modify the trial court's decree to require John to pay $550 per month child support.

■ Ann seeks attorney fees on appeal. Such fees are not recoverable as a matter of right but depend on one's spouse's needs and the other spouse's ability to satisfy them. *In re Marriage of Lovetinsky,* 418 N.W.2d 88, 90 (Iowa 1987). Because each party is employed and Ann has been given a $36,000 property settlement, we decline to award fees in this case. Costs for this appeal should be divided evenly between the parties.

AFFIRMED AS MODIFIED.