**In re The MARRIAGE OF Kaye Elizabeth Ackerman DUNN and Walter Charles Dunn.**

**Upon the Petition of Kaye Elizabeth Ackerman Dunn, Appellee,**

**And Concerning Walter Charles Dunn, Appellant.**

No. 89–1702.

Supreme Court of Iowa.

May 23, 1990.

---

Arthur L. Buzzell, Davenport, for appellant.

Carol A.H. Freeman of Lane & Waterman, Davenport, for appellee.

ANDREASEN, Justice.

On April 19, 1988, the district court dissolved the marriage of Kaye and Walter Dunn. The decree placed with Kaye physical custody of the parties' two minor children. Walter was given reasonable rights of visitation. Walter was to pay child support in the amount of $785 per month. The decree divided the parties' property in an "approximately equal" manner based upon the parties' joint valuation of their assets. The property included a home, automobiles, bank accounts, and other assets. One of the assets was Walter's pension plan which an appraiser overvalued by approximately $10,000.

Once Walter discovered that his pension plan had been overvalued, he filed a petition to modify the dissolution judgment and decree under Iowa Rule of Civil Procedure 252. After a hearing, the district court found:

It is not in dispute that a mistake occurred in evaluation of one marital asset, Respondent's pension, which mistake was relied upon by all involved in negotiating the Decree of Dissolution of Marriage. Neither of the parties was at fault in any way; nevertheless, a mistake occurred and an asset was erroneously valued.

. . . .

Petitioner retained a respected actuary to value the pension plan and had no reason to believe that the pension plan was incorrectly valued. Nevertheless, it appears that she received the greater share of the marital assets due to this mistake, a situation she did not desire or intend.

The district court then concluded that because Walter has the higher earning capacity, it was likely that he would bear the greater share of the cost of the higher education for the parties' minor children. The court amended the decree and ordered that Kaye place $5000 into a joint trust account for the children's education. The court provided it would retain jurisdiction to resolve any dispute over how those funds are ultimately spent.

Walter appeals the court's order and amended decree. He maintains the court should require Kaye to pay $5000, plus interest, directly to him. Kaye filed no cross-appeal and instructed her attorney to take no active role in the appeal.

I. Under rule 252 the court may correct, vacate or modify a final judgment or order, or grant a new trial upon certain enumerated grounds. It is not clear whether a mistake of the character alleged herein is an appropriate ground for modifying a judgment under rule 252. However, that issue is not before us on appeal. Our review under rule 252 is on assignment of

error; it is not de novo. *Mishler v. Stouwie*, 301 N.W.2d 744, 747 (Iowa 1981).

We have long recognized a property division in a dissolution decree cannot be corrected, vacated or modified after it has become final in the absence of grounds on which ordinary judgments may be corrected, vacated or modified. *See In re Marriage of Knott*, 331 N.W.2d 135, 137 (Iowa 1983); *In re Marriage of Johnson*, 299 N.W.2d 466, 467–68 (Iowa 1980); *In re Marriage of Full*, 255 N.W.2d 153, 156 (Iowa 1977); *Knipfer v. Knipfer*, 259 Iowa 347, 355, 144 N.W.2d 140, 144 (1966). The provisions of Iowa Code section 598.21(8), which allow modification of a dissolution decree upon proof of a change in circumstances, do not apply.

Although the court had authority under rule 252 to correct or modify the property division provisions, it had no authority to order the payment of a portion of the property settlement to provide for future child support. The court erred in failing to order the return of $5000 to Walter.

 II. Walter requests he be allowed legal interest on the $5000. The district court's amended decree did not require Kaye to pay interest on the amended property settlement.

Iowa Code section 535.3 provides in part that interest shall be allowed on all money due on judgments and decrees of courts at the rate of ten percent per year. In Iowa, fixed awards of money for child support, alimony, and property settlement draw interest at the statutory rate even though the judgment makes no reference to the matter of interest. *Arnold v. Arnold*, 258 Iowa 850, 854–55, 140 N.W.2d 874, 877 (1966).

Here, the dissolution decree was amended under the provisions of rule 252. Under these circumstances, we apply the general rule that when a judgment is modified on appeal and the only action required in the district court is compliance with the mandate of the appellate court, the interest runs from the date of the original judgment. *See* 47 C.J.S. *Interest and Usury* § 68, at p. 158 (1982) (cited with approval in *Muchmore Equip., Inc. v. Grover*, 334

N.W.2d 605, 610 (Iowa 1983)). *See also Cummings v. Cummings*, 248 Iowa 831, 836, 82 N.W.2d 676, 679 (1957) (approved trial court's modification order that defendant pay $4500 difference arising from the oversight, with interest, from the date of the original decree). Walter is entitled to interest from the date of the original decree.

We reverse and remand with direction to the district court to correct and modify the decree and to order Kaye to return $5000, with interest from April 19, 1988, to Walter. Costs are taxed to the appellee.

REVERSED AND REMANDED.