**In re the MARRIAGE OF Paula Marie FUCHSER and Terry Lee Fuchser.**

**Upon the Petition of Paula Marie Fuchser, Appellee,**

**And Concerning Terry Lee Fuchser, Appellant.**

No. 90–1384.

Court of Appeals of Iowa.

Sept. 24, 1991.

Susan M. Conroy of Kraschel Law Firm, P.C., Council Bluffs, for appellant.

Michael J. Winter, Council Bluffs, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

Terry Lee Fuchser is a lieutenant colonel in the United States Air Force. He joined the service in 1971. On June 14, 1974, while he was serving as a second lieutenant, he married Paula. Paula had completed her bachelor's degree in education from

Wayne State and was working as an elementary school teacher. Terry and Paula had three children, ages 16, 12, and 8 at the time of trial.

Throughout their 16–year marriage Terry has remained on active duty with the Air Force and has been assigned to a number of duty stations. Paula and the children have traveled to many of these stations with him. Paula has not worked outside of the family home since their marriage, but beginning in 1982 she started a child care business. She continues to operate that business out of her home.

During their marriage Terry and Paula accumulated many liquid assets and a family homestead located in Neola, Iowa. Neola is Paula's home town. Paula and the children have remained in Neola since 1981. Terry had been stationed at Offutt Air Force Base in Omaha, Nebraska, from January, 1981, until August, 1988. In 1988 Terry was transferred to Wurtsmith Air Force Base located in Michigan. Despite Terry's insistence, Paula and the children refused to join him. In order to be closer to his children Terry ultimately obtained a reassignment back to Offutt Air Force Base. By the time his reassignment orders had been entered, Paula had filed her petition for dissolution.

Following a hearing the district court divided the parties' assets in detail. The court looked to Terry's military income and benefits and salary and concluded that he would be eligible for a pension after twenty years of service. At the time of these proceedings Terry had served 19 years. The court viewed the pension funds as a form of property and awarded to Paula 40% of these funds. Terry argues on appeal that Paula's award should be a set sum based on the current value of his pension and should not allow Paula any benefit for any future increases in his pension.

The district court set Terry's child support obligation at 39% of his net monthly income, $1,389.57, using the child support guidelines then in effect. Terry complains that the award is too high because the court improperly calculated Paula's net income from her child care business. Paula's gross income was $12,171 and thus her claimed net income of $2,987 stemmed from creative accounting, not reality. Terry notes that his dependence allowance from the military would decrease following this dissolution and the court erred by not factoring this change. Nor did the court consider that the children would have free medical and dental benefits through the military.

Terry's gross income exceeded $54,000 annually. The district court awarded Paula $300 in monthly alimony for a period of ten years. Terry insists that Paula is able to support herself either by conducting her day care business or by becoming re-certified to teach school. In light of all the other assets Paula received which the court valued at $92,159.18, Terry urges that no alimony is justified.

The district court awarded Paula the family homestead. Terry had performed many improvements on the home and had invested numerous hours of work and nearly $30,000 in materials to remodel it. He believes that the district court undervalued the house by setting its value at $46,500. Terry considers the value of the house to be closer to $65,000. Given that the house has a mortgage of only $18,826, Terry believes he should have been awarded additional assets.

Finally, Terry wants the court to clarify its order as it relates to the money held for their children.

Our review of this matter is de novo. Iowa R.App.P. 4. This court gives weight to the trial court's findings of facts, but is not bound by them. Iowa R.App.P. 14(f)(7).

■ PENSION BENEFITS: There is no dispute among the parties that Terry's military pension is a marital asset to be appropriately distributed. Terry however, asserts that the trial court's division of his benefits unfairly allows Paula to benefit from the accumulation of pension benefits after the dissolution of their marriage. We agree.

The trial court established that Terry would be eligible for his pension benefits *should he elect to retire* at the completion of twenty years of service. Terry had not yet received benefits because the twenty year period had not been completed. The trial court found that Terry's pension if he chose to retire at the end of twenty years was $1,497.70 per month. In the trial court's conclusions of law the court stated:

Petitioner's interest is a percent (50%) of a fraction wherein the numerator is the number of years of marriage during which benefits accumulated (i.e., 16 years) and the denominator being the total number of years during which benefits are accumulated prior to vesting *(i.e., 20 years)*. Therefore, Petitioner is entitled to 40 percent of the benefits paid pursuant to Respondent's military pension. (emphasis added).

The trial court's decree stated:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that forty percent (40%) of Respondent's military pension *upon retirement* is awarded to Petitioner. (emphasis added).

It is important to note that in Terry's case, retirement is not mandatory at the end of twenty years. Terry at the time of eligibility will be forty three years of age. He will have the option to continue working beyond the twenty year period which will increase the pension fund and benefit.

The question is whether Paula is entitled to a percentage of benefits accumulated in Terry's military pension where Terry elects to continue his military service beyond the twenty year retirement period after the marriage is terminated. We find Paula is not so entitled. Terry's military pension should be distributed according to its present worth. The assignment of Terry's pension "upon retirement" by the trial court requires further explanation. It can be inferred from the court's reference to "i.e. 20 years" in its conclusions of law that "retirement" as it was expressed in its decree, was not intended to include those years of Terry's continued military employment beyond the twenty year period. To interpret the valuation differently would

allow Paula to share in the amount of pension funds Terry will have accumulated after the marriage is dissolved.

Terry's accrued pension benefit at the end of twenty years of service is $1,497.70 per month. Paula should receive a percentage of the accrued benefits based on the years of the marriage. The appropriate portion of the pension accumulated during the marriage is 16/20. Sixteen represents the duration of the marriage. Twenty represents the total number of years Terry worked, accumulated and became eligible for pension benefits. The total benefits therefore, which are marital property amount to $1,198.16 per month.

■ We next consider factors in Iowa Code section 598.21(1), in the distribution of that portion of the pension which is marital property. Paula at the time of trial was 39 years of age. Although she has a bachelor of science degree, she has had only two years teaching experience. She is not currently recertified to teach in Iowa and must complete eight hours to recertify her license. For the greatest portion of this marriage, Paula has worked within the home and raised the children. Paula also provided a baby-sitting service, but the income is modest in comparison to Terry's.

Paula desires to remain at home until the children reach majority. This was the arrangement understood by the parties during the marriage. We see no reason to interfere with her request to continue her work at home until the children are raised. As a result, Paula's years in the work force to accrue retirement benefits are limited.

We therefore award Paula fifty percent of those pension benefits which have been identified as marital assets to be divided. Paula is entitled to receive the monthly amount of $600.00 as her portion of the military pension. This amount is a fixed amount. Any increases in Terry's military pension as a result of his continued Air Force service is entirely his property and not distributable to Paula. We modify the trial court's decree to provide that Paula shall receive $600.00 monthly from the pension, as benefits are paid to Terry.

■ CHILD SUPPORT: Terry asserts that the amount of child support ordered to be paid by him is excessive. He argues the trial court failed to evaluate properly the net income of both parties; to consider all financial resources and other relevant factors in light of Iowa code section 598.-21(4). We disagree.

To support his argument, Terry relies heavily upon Paula's business deductions on her tax returns. The financial resources of the parents is only one factor considered in the determination of an amount of child support under section 598.-21(4). Courts addressing child support issues in connection with divorce should not be required to become entangled in the type of controversies that often rage between taxpayers and revenue services. *In re Marriage of Stamp*, 300 N.W.2d 275 (Iowa 1980). Regardless whether Paula was justified in her business deductions, the trial court determined that Terry's income in 1990 was nearly $50,000. His monthly net income is $3,563. Paula's monthly net income is $301.66. There is no evidence in the record that Paula's gross income at its highest level ever exceeded $13,000 annually. Disparity between a husband's annual income and a wife's annual income is a valid consideration in warranting an upward adjustment of child support. See *In Re Marriage of Demory*, 443 N.W.2d 67, 69 (Iowa App.1989). Among other things, the court must consider the financial resources of both parents and the standard of living that the children would have enjoyed had there not been a dissolution, along with the desirability of the custodial parent to remain in the home as a full-time parent. Iowa Code § 598.21(4). We affirm the trial court's award of child support in the amount of $1,389.57 per month.

■ TRUST PROVISIONS: Terry argues that the trial court's order establishing a trust from the jointly held parent-child assets is vague and requires further definition. He asks this court to clarify the district court order as it relates to the children's accounts. The order of the district court states:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the accounts held either by Petitioner or Respondent jointly with any of their children or in the children's name solely shall be placed in trust so that said account cannot be transferred, liquidated, or managed without the joint approval of both Petitioner and Respondent while the respective child is a minor.

Paula asserts it is obvious the trial court wanted both parents to supervise the children's investments and in doing so, supervise each other. We agree. We find the trial court's order is not vague regarding its intent. Terry raises questions regarding the mechanics of the trust i.e. who is to be the trustee; the parents or a corporate trustee. We find it is presumed by the trial court that in abiding by its order, both Terry and Paula will have latitude in deciding how to accomplish the court's goal. This matter should be addressed upon an application to the trial court nunc pro tunc, should Terry and Paula be unwilling or unable to exercise the freedom extended them to work out the mechanics of the trust.

We have considered all other issues and except as modified affirm the trial court.

■ ATTORNEYS FEES: Paula asserts that Terry should be ordered to pay her attorney fees and court costs incurred in defending this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App. 1987).

Each party will pay his or her own attorney's fees. Costs are taxed to the appellant.

AFFIRMED AS MODIFIED.

DONIELSON, J., concurs.

SACKETT, J., concurs in part and dissents in part.

SACKETT, Judge (concurring in part and dissenting in part).

I concur in part and dissent in part. I agree with the majority Paula should only be entitled to a share of pension benefits that accumulated during the marriage. However, I do not agree with the majority's method of adjusting the trial court's decree. It is inequitable to Paula because it will result in her not receiving cost of living increases in the pension. I, therefore, would modify the trial court's order to strike only that portion that provides Paula received forty percent of the pension. In all other respects, I would affirm the trial court on this issue.

The majority has failed to apply the child support guidelines. The guidelines should be applied.

The majority has concluded an application for a nunc pro tunc order is the correct way to resolve issues on using the trust assets. I do not agree with this conclusion.