**STATE of Iowa ex rel. Judy
J. WAGNER, Appellant,**

v.

**Frank A. WAGNER, Appellee.**

**No. 91–562.**

Supreme Court of Iowa.

Feb. 19, 1992.

Rehearing Denied March 20, 1992.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., E. Dean Metz and Patricia R. Hemphill, Asst. Attys. Gen., William E. Davis, County Atty., and Catherine A. Cartee, Asst. County Atty., for appellant.

Edward N. Wehr and John R. Newman of Wehr, Berger, Lane & Stevens, Davenport, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

This equitable action concerns what limits, if any, courts may impose on remedies for enforcement of delinquent child support. The district court quashed the State's order for mandatory wage assignment because the mother's refusal to reveal her whereabouts has prevented the father from litigating issues of custody, visitation, and support. Persuaded that the unique circumstances of the case warrant the relief granted, we affirm.

The facts are undisputed. Judy and Frank Wagner are the parents of four children ranging in age from thirteen to eighteen. Sometime in 1984 they separated and Judy moved with the children to Florida. She has concealed their whereabouts from Frank ever since and there has been no contact between them.

In September 1984 the State of Florida petitioned for child support on Judy's behalf in accordance with the reciprocal provisions of the uniform support of dependents law, Iowa Code chapter 252A (1983). On December 3, 1984, following notice to Frank and an opportunity for hearing, the Iowa district court entered an order requiring him to pay child support of $200 per month. The sums were payable to the clerk of court for Scott County, Iowa, for transfer to the Marion County clerk of Ocala, Florida.

On April 22, 1986, Frank obtained a decree of dissolution of marriage. Service upon Judy was by publication based on Frank's affidavit that her whereabouts were unknown. The decree made no provision for custody or support because the children had not been resident in this state within six months of commencement of the proceedings. Iowa Code § 598A.3(1)(a) (1985). The court also ruled that Frank "shall have no support responsibilities for the children, as between the parties, until the physical whereabouts of the children are made known to [him] or until further order of the Court."

At all times pertinent to this appeal Frank has been employed by the Iowa Department of Transportation. Child support records reveal that he has made payments of only $575 towards his obligation. Tax refund intercepts have yielded an additional $133. It appears that Judy received ADC assistance from the State of Florida from June 1984 through April 1985 and from December 1986 through March 1988. As of October 31, 1990, the arrearage totaled $13,942.

In August 1990, the State of Iowa notified Frank that he was subject to mandatory wage withholding in accordance with Iowa Code section 252D.1 (1989). Frank moved to quash the assignment of income on the equitable ground that the whereabouts of his children have been concealed by his former wife throughout the period of his support obligation. The State resisted on the theory that matters of custody and visitation are not proper subjects of a uniform reciprocal support proceeding.

The district court ruled in Frank's favor. Acknowledging the validity of the State's position in most cases, the court found that applying the general rule in the present case would be unjust. The injustice, it found, would stem from permitting Judy, through the State of Iowa, to insist on statutory remedies to enforce her rights while at the same time preventing Frank from any opportunity to exercise his. The court therefore ruled that "[w]hen the location of the children is disclosed, then Petitioner may properly institute the wage assignment proceedings." It is from this ruling that the State appeals.

■ I. Before proceeding to the merits, we must address Frank's motion to dismiss. He claims the State's appeal was untimely. The appeal was filed within thirty days of the court's ruling on the State's "Motion to Enlarge Findings" under Iowa Rule of Civil Procedure 179(b). Frank argues, however, that because the State challenged the court's legal conclusions, not its findings, a motion under rule 179(b) was improper and could not extend the time for appeal.

We find no merit in Frank's contention. We have held for many years that rule 179(b), as amended in 1973, "may be directed at findings of fact *and* conclusions of law." *Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421, 424 (Iowa 1982) (emphasis added). Frank's motion to quash raised mixed issues of law and fact. As a result, the State properly challenged the court's conclusions by way of a rule 179(b) motion and the time for appeal was correspondingly extended.

■ II. This court has long recognized that the principal purpose of the uniform support laws is to simplify and expedite the interstate enforcement of child support awards. *Beneventi v. Beneventi*, 185 N.W.2d 219, 222 (Iowa 1971); *Engelson v. Mallea*, 180 N.W.2d 127, 131 (Iowa 1970). We expressed concern in *Beneventi* that the object of the act would be destroyed if litigants could use it as a vehicle for litigating other divorce-related issues. *Beneventi*, 185 N.W.2d at 225. Thus we held that the district court was without jurisdiction to award visitation privileges or assess court costs for transportation and attorney fees as conditions to enforcement of an order under Iowa Code chapter 252A. *Id.*

The State relies heavily on *Beneventi* for the proposition that one parent's duty of support does not turn on the other parent's fulfillment of custodial obligations such as visitation. Accepting the State's premise as a general rule, we think it significant that the present case is not about modifying or litigating awards of child support or visitation. At least insofar as support is concerned, the State of Florida has already secured for itself, as Judy's assignee, a judgment against Frank in excess of $13,-000. The only issue is whether the district court may, on equitable grounds, attach conditions to the use of the summary wage withholding remedy of Iowa Code section 252D.1.

Iowa Code section 252D.2 specifically provides that a person whose wages are subject to mandatory withholding may move to quash the order of assignment "upon a showing of a mistake of fact relating to the delinquency." We recently ruled that because the remedies of chapter 252D are summary, section 252D.2 must be construed broadly to protect child support obligors. *State ex rel. Keasling v. Keasling*, 442 N.W.2d 118, 123 (Iowa 1989). The statute, we said, contemplates more than mere challenges to the amount owed. *Id.*

In a case that bears striking similarity to the one before us, the California court of appeal recognized a distinction between visitation disputes which are subject to litigation and relief, and parental conduct that justifies a finding of waiver or estoppel of prior support. *State of Wash. ex rel. Burton v. Leyser*, 196 Cal.App.3d 451, 458, 241 Cal.Rptr. 812, 817 (1987). Although questions of waiver and estoppel are not technically before us, we think the distinction drawn by the California court is sound and bears repeating here:

> When there is interference with visitation, the noncustodial parent has several alternative remedies available: he or she can obtain an order of contempt, an order terminating or reducing spousal support, an order changing custody, or a bond to assure compliance with visitation orders. However appropriate these remedies may be when the parties remain in the state and amenable to service of process, practical difficulties arise when one party is making purposeful efforts to "hide."

*Id.* at 458–59, 241 Cal.Rptr. at 817 (citations omitted). The court went on to reason that because the noncustodial parent whose ex-spouse has secreted the children cannot take advantage of customary remedies, fairness dictates that the "concealed" spouse's remedies be limited as well. *Id.* at 459–60, 241 Cal.Rptr. at 817–18.

The record before us reveals that Frank has made every reasonable effort to locate Judy and the children. Even the hiring of a private detective has been unavailing. Unlike the noncustodial parent in *Beneventi*, Frank is presently without another forum to litigate his grievances. *See Beneventi*, 185 N.W.2d at 225 (mere reluctance to submit to jurisdiction of another state court insufficient to challenge jurisdiction of limitation of uniform support act).

There is no suggestion in this case that Frank has conveniently lost track of Judy and the children in an attempt to avoid responsibility for them.

The district court did not go so far as to conclude that Judy's conduct operated as a waiver of the State's right to collect unreimbursed ADC. Indeed, it is questionable whether the conduct of a parent can estop a public agency from seeking reimbursement. *Burton*, 196 Cal.App.3d at 457, 241 Cal.Rptr. at 816. By quashing the wage assignment, however, the district court attempted to do justice between the parties and grant Frank some leverage in the search for his children. Given the equitable nature of the proceedings, and the unique facts found by the district court, we think its order was appropriate. It is, therefore, affirmed.

AFFIRMED.