**STATE of Iowa, ex rel., Nicholas HUNTER, A Minor Child, by Sabrina HASTIE, As Next Friend, Appellant,**

v.

**George HUNTER, Appellee.**

No. 92–925.

Supreme Court of Iowa.

June 16, 1993.

Bonnie J. Campbell, Atty. Gen., John Parmeter, Sp. Asst. Atty. Gen., Mark Haverkamp, Asst. Atty. Gen., and Mark J. Rater, Asst. County Atty., for appellant.

Deborah L. Petersen of Perkins, Sacks, Hannan, Reilly & Petersen, Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

The State appeals a district court order which vacated and declared null and void a default child support judgment. The State contends the court erred in vacating or discharging the child support obligation which had accrued prior to the filing of a petition for modification. We agree.

I. *Background.*

On January 29, 1990, a petition was filed by the State of Iowa on behalf of a minor child, Nicholas, born July 15, 1989, pursuant to Iowa Code chapter 252A to establish paternity and set child support. The petition alleged George Hunter was the father of Nicholas. Personal service was made on Hunter that same day. On August 6, 1990, the court entered a default judgment. Hunter was adjudged the father of Nicholas and the court ordered him to pay $347 per month child support starting August 1, 1990, and entered judgment in the amount of $3196 for past assistance provided by the State.

On October 22, 1991, Hunter filed a petition for modification seeking to establish nonpaternity as permitted by Iowa Code section 598.21(8)(k) (1991). Blood test results received in March 1992, conclusively established that Hunter was not the biological father of Nicholas. Based on the test results, the State stipulated that Hunter's support obligation should cease November 1, 1991. Hunter made no claim that the default judgment was void.

The district court heard the case on May 11, 1992. The court stated that "while this has been denominated a petition for modification, it actually is in the nature of a motion to vacate or a motion in discharge of a judgment under IRCP 256." Noting its disdain for establishing paternity by default, the court ordered the default judgment vacated and declared null and void. The State appeals.

On appeal, the State contends the district court had no authority to grant Hunter

relief under Iowa Rules of Civil Procedure 236, 252, or 256. The State further argues any modification of the original judgment is retroactive only to the date of the filing of the petition for modification.

## II. *Standard of Review.*

■ The parties disagree as to our standard of review. The State asserts this is an equitable action to modify a support award; that our review is de novo. *See* Iowa R.App.P. 4. Hunter asserts this is an appeal from the vacation or discharge of a judgment; that our review is for correction of error. *Id.* Because the district court considered the petition to modify as a proceeding to vacate or discharge a judgment, we will review the court's ruling for error, not de novo. *See In re Marriage of Dunn,* 455 N.W.2d 923, 924–25 (Iowa 1990).

## III. *Discussion.*

The sole issue is whether Hunter is liable for child support which accrued prior to filing the petition for modification. The district court stated Hunter's petition was not really one for modification, but rather a motion to vacate or discharge the judgment. A default judgment can either be set aside under rule 236 or vacated under rule 252. A judgment may be discharged under rule 256.

■ Under rule 236, a motion to set aside a default judgment "must be filed ... not more than sixty days after entry of the judgment." Iowa R.Civ.P. 236. Here, the default judgment was entered on August 6, 1990. Hunter's petition was not filed until October 22, 1991. Therefore, relief under this rule is barred, since it was not brought within sixty days after entry of the judgment. *See Kreft v. Fisher Aviation, Inc.,* 264 N.W.2d 297, 301–02 (Iowa 1978).

■ Under rule 252, a petition to vacate a final judgment is subject to the time constraint of rule 253, which provides "[a] petition for relief under R.C.P. 252 must be filed ... within one year after the rendition of the judgment or order involved." Here, Hunter's petition was filed more than fourteen months after entry of the judgment. Therefore, relief under rule 252 is also time barred. *See In re Marriage of Fairall,* 403 N.W.2d 785, 788 (Iowa 1987).

■ Rule 256 provides that where matters in discharge of a judgment have arisen since its rendition, the defendant may have the judgment discharged in whole or in part. The advisory committee comment states:

Rule 256 has nothing to do with Rules ... 252, 253; all of which are concerned with the impropriety of the judgment *as an original proposition.* No such matter can be raised under this rule. Here it is assumed that the judgment was perfectly proper; and this rule deals only with matters which may later have discharged it. It did not change the prior practice.

Iowa R.Civ.P. 256 advisory committee cmt. *See also* 1980 Op. Iowa Att'y Gen. 772 (1980). Rule 256 allows the discharge of a judgment in whole or in part by proof of payment for satisfaction of the judgment. It does not allow discharge of a child support judgment based upon nonpaternity.

■ Modification of child support awards is authorized in Iowa Code chapter 598. Under this chapter, the court may modify support orders when there is a substantial change in circumstances. Iowa Code § 598.21(8).

Judgments for child support or child support awards entered pursuant to this chapter, chapter 234, 252A, 252C, 675, or any other chapter of the Code which are subject to a modification proceeding may be retroactively modified only from the date the notice of the pending petition for modification is served on the opposing party.

*Id.* Iowa Code section 598.21(8)(k) provides that changes in technology relating to the determination of paternity shall be considered in determining whether there is a substantial change in circumstances justifying modification. However,

[a]ny modification of child support brought under this lettered paragraph can be made retroactive only to the date on which the notice of the pending peti-

**536**

tion for modification is served on the opposing party.

Iowa Code § 598.21(8)(k)(2).

Both the broad retroactive provision in section 598.21(8) and the specific provisions in section 598.21(8)(k) were adopted in 1990. 1990 Iowa Acts ch. 1224, § 43. These amendments enlarge the court's authority to modify a support decree and to make the modification retroactive. Before adoption of the amendments, the court had no authority to reduce or cancel support judgments retroactively. *In re Marriage of Shepherd,* 429 N.W.2d 145, 146–47 (Iowa 1988). Also, under prior law the results of blood tests provided by improved technology were not considered a change of circumstances. *In re Marriage of Detert,* 391 N.W.2d 707, 711 (Iowa App.1986).

Thus, the Iowa legislature has expanded the court's authority to modify child support and has clearly authorized retroactive modification. The child support judgment against Hunter can be modified retroactively only to November 1, 1991, as stipulated. While requiring Hunter, who is conclusively not the father, to pay any support for Nicholas may seem unfair, his default and subsequent delay make it necessary. If he had appeared at the paternity and child support hearing in 1990 and denied paternity, the issue would have been addressed and resolved at that time. Likewise, had he taken timely action to set aside or vacate the default judgment, the court would have jurisdiction to grant the relief requested. If Hunter had timely raised the paternity issue, he would not face the consequences of the default judgment.

IV. *Disposition.*

The district court had no authority to vacate or discharge the default judgment against Hunter. Accordingly, we reverse the district court order to vacate and remand for entry of an order to modify the child support order, effective November 1, 1991, as stipulated by the parties.

**REVERSED AND REMANDED.**