Jeannine McINTIRE n/k/a Jeannine
Kohlmeyer, Appellee,

v.

Terry Lang LEONARD, Appellant.

No. 91–1422.

Supreme Court of Iowa.

June 22, 1994.

Rehearing Denied July 25, 1994.

Jon M. Kinnamon of Kinnamon, Kinnamon, Russo & Meyer, Cedar Rapids, and William G. Faches of Faches, Gloe, Quint & Martin, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., John Parmeter, Sp. Asst. Atty. Gen., Kay Delafield, Asst. Atty. Gen., and Corenne Liabo, Friend of Court, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

HARRIS, Justice.

This appeal from a district court order modifying child support calls for application of our support guidelines. Petitioner Jeannine McIntire and respondent Terry Lang Leonard are the natural parents of a son born in 1978. The parties never married or lived together and Jeannine has custody. In 1980, pursuant to Iowa Code chapter 252A (1977), the district court ordered Terry to pay $162.50 per month child support.

In 1989, Jeannine filed a petition to modify the support order, requesting an increase to $800 or to an amount required by our support guidelines. She also requested medical and dental insurance, as well as life insurance on Terry for the benefit of the child.

Jeannine was earning $11.56 per hour but was laid off in May of 1991. At the time of hearing her only income was $697 per month in unemployment compensation. The district court found that she would not be reemployed in the near future.

Terry operates a trucking concern which he formed in 1986. He is the sole shareholder of a corporation that operates eleven trucks and employs nine drivers. He receives both salary and rental income from the corporation. Terry's personal income tax

returns from 1986 through 1990 show no tax due. The returns are however under current audit by the internal revenue service.

From the conflicting expert testimony the trial court found, and we agree, that Terry's net income was $3978.66 per month. The trial court refused to reduce this amount by reason of Terry's potential tax liability. In addition to ordering certain life, medical, and dental insurance (not relevant here), the trial court ordered Terry to pay $184.62 per week (the equivalent of $800 per month) support. The court made the increased support order retroactive to the day Terry answered the application to modify and ordered Terry to pay court costs. Terry appeals.

■ I. It must be remembered that Jeannine brought this action to modify a child support order entered in 1980 pursuant to Iowa Code chapter 252A. Under Iowa Code section 252A.3(1) (1989), monthly support is determined in accordance with Iowa Code section 598.21(4) which requires use of the child support guidelines. Under the guidelines the court must deduct, among other things, state and federal tax obligations when arriving at net income.

Courts assessing tax obligations for this purpose are not required to become entangled in the type of controversies that often rage between taxpayers and revenue services. *In re Marriage of Stamp*, 300 N.W.2d 275, 280 (Iowa 1980); *In re Marriage of Fuchser*, 477 N.W.2d 864, 867 (Iowa App. 1991). To any degree Terry owes back taxes, the amount is in dispute. Until this dispute between the internal revenue service and Terry is settled, it will be impossibly difficult for us, or the district court, to determine the proper deduction. Until that time we only know that Terry paid no tax between 1986 and 1990, and that he shows no tax liability on his sworn affidavit of financial status.

The court of appeals noted that courts "are without readily available tools to make accurate computations of ultimate income tax liability." *In re Marriage of Miller*, 475 N.W.2d 675, 679 (Iowa App.1991). On the present record we agree with the trial court's refusal to reduce Terry's income for potential tax liability.

■ II. In its ruling the trial court ordered the increased child support award to be retroactively applied to the date Terry answered the petition for modification. This was consistent with Iowa Code chapter 598 allowing child support awards modified under chapter 252A to be retroactive to the date notice of the petition is served. Iowa Code § 598.21(8). To order the increase of child support, retroactive to date of filing, was within the court's authority.

■ Terry does not contest the court's authority to retroactively increase child support; instead he attacks on abuse of discretion grounds. He contends the evidence indicates a need only for future increases. We think the trial court's determination to the contrary, based on the parties' income, was correct.[1]

■ III. When determining child support payments, we apply the September 29, 1989, guidelines for time periods prior to December 31, 1990. Thereafter the December 31, 1990, guidelines will apply. *In re Marriage of Gaer*, 476 N.W.2d 324, 326 (Iowa 1991). The retroactive period in this case ran from June 8, 1989, to August 29, 1991. The district court awarded $800 per month for this entire period.

Under the new guidelines, the minimum stated award is $947 per month. Under the old guidelines, the minimum amount is $812 per month. The district court deviated from the guidelines, setting $800 as the appropriate amount because Terry was required to pay medical and dental insurance, and past medical debts. The district court may also

---

1. Iowa Code § 598.21 was amended to include an unnumbered paragraph. 1990 Iowa Acts ch. 1224, § 44. It provides:

   Judgments for child support or child support awards entered pursuant to this chapter, chapter 234, 252A, 252C, 675, or any other chapter

   of the Code which are subject to a modification proceeding may be retroactively modified only from the date of the notice of the pending petition for modification is served on the opposing party.

   *See State v. Hunter*, 501 N.W.2d 533, 536 (Iowa 1993).

have reduced the amount because Jeannine requested only $800 per month.

In any event application of the correct guidelines raises, instead of lowers, the amount due. Because Jeannine does not request an increase, we affirm the trial court's allowance.

■ IV. In 1993, the legislature added the following emphasized language to Iowa Code section 598.21(4):

> The supreme court shall ... review the guidelines and criteria at least once every four years.... *It is also the intent of the general assembly that in the supreme court's review of the guidelines, the supreme court shall ... in determining monthly child support payments, consider other children for whom either parent is legally responsible for support and other child support obligations actually paid by either party pursuant to a court or administrative order.*

1993 Iowa Acts ch. 79, § 48.

Terry argues that the amendment requires child support paid for other children to be considered by the trial court. In *State ex rel. Hartema v. Cottrell,* 513 N.W.2d 765, 767–68 (Iowa 1994) (filed after submission of this appeal), we held that the amendment to section 598.21(4) was not directed at computation of specific allowances. Rather it is directed to the supreme court in our review of the guidelines. The amendment does not affect the allowance in the present case.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.