STATE of Iowa ex rel. Chloe Shiree
BLACKWELL, a Minor Child,
Appellee,

v.

Lloyd H. BLACKWELL, Appellant.

No. 94–108.

Supreme Court of Iowa.

June 21, 1995.

Diane L. Dornburg, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and M. Elise Pippin, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

McGIVERIN, Chief Justice.

Respondent Lloyd H. Blackwell appeals from the district court's decision overruling his motion to quash a mandatory income withholding order which enforced a judgment for child support owed by respondent to petitioner State of Iowa. Blackwell argues that the district court erred and failed to do equity in refusing to grant his motion because the income withholding is to satisfy his past support obligations to a child, Chloe Shiree Blackwell Lockhart, of whom his paternity has recently been disestablished. The court of appeals affirmed the district court's judgment by operation of law. In our de novo further review, we recognize the court does not have the authority to cancel Blackwell's accrued child support obligations established by a prior judgment, and, accordingly, we affirm the district court's decision.

I. *Background facts and proceedings.* Respondent, Lloyd H. Blackwell, was married to Regina on June 1, 1980. They separated on December 6, 1985 when Regina moved to Chicago, Illinois. They reconciled

a few days later on December 16. On September 15, 1986, Chloe Shiree was born to Regina. It was presumed Lloyd was Chloe's biological father.

Shortly thereafter, on application by Regina, petitioner State of Iowa, through its Department of Human Services (DHS), began providing public assistance for Chloe. *See* Iowa Code ch. 239 (1987). Lloyd was served with a notice of support debt, *see id.* section 252C.3, but, believing Chloe was his child, he did not raise the issue of paternity or contest the entry of a child support order. As a result, an administrative order by DHS for reimbursement and future support was filed in the Iowa district court for Polk County as a decree or judgment on July 23, 1987. *See id.* section 252C.5. The order named Lloyd as the father of Chloe and required him to pay $1,132.23 to DHS as reimbursement for public assistance previously provided on behalf of Chloe and to pay $322 a month as current and future support for Chloe. *See id.* §§ 239.3, 252C.2.

Lloyd made arrangements to pay and did make some child support payments.

Later, in January 1988, Lloyd and Regina separated again, and on July 29, 1988, Lloyd filed a petition for dissolution of marriage. By that time, he was aware that Chloe is not his child. As part of the divorce proceedings, Lloyd, Regina, and Robert Earl Lockhart all testified that Lloyd is not Chloe's father and that Robert Lockhart is Chloe's father. On the basis of this testimony, the dissolution court found that the presumption of paternity from the marriage had been overcome, and disestablished Lloyd's paternity of Chloe and established Robert Lockhart's paternity of Chloe with the effect that Lloyd "shall have no parental rights or responsibilities with respect to Chloe Shiree Blackwell (Lockhart)." A decree stating these findings and conclusions, and dissolving the marriage of Lloyd and Regina was entered in the Iowa district court for Polk County on March 8, 1989. *See id.* ch. 598 (1989).

The DHS administrative order and judgment for reimbursement and future support which had previously been entered were neither set aside nor vacated. Yet, DHS ceased billing Lloyd for current child support due and owing under that order and judgment, effective March 8, 1989. *See id.* § 252C.9 (1989).[1]

However, DHS did not cease billing Lloyd for past due support. A child support arrearage in the amount of $5,611.32 had accumulated between the entry of the judgment for support on July 23, 1987 and the entry of the divorce decree on March 8, 1989. To collect that arrearage, DHS caused the clerk of district court to enter an order for mandatory income withholding on January 21, 1992. *See id.* §§ 252D.1(2) & (3), 252D.3 (1991). The order required Lloyd's employer or other income provider to deduct from Lloyd's income $322 per month for the delinquent support. As a result of that order, the State took Lloyd's unemployment benefits and tax refunds.

Thereafter, Lloyd filed a motion in district court to quash the mandatory income withholding order pursuant to Iowa Code section 252D.2(1) (1993). Petitioner State resisted. After a hearing, *see id.*, the district court found that a person cannot attack accrued child support obligations retroactively, even when that person is not in fact the natural father of the child who is the source of the support obligations. With this finding, the district court denied and overruled Lloyd's motion to quash the mandatory income withholding order.

Lloyd appealed. The court of appeals affirmed by operation of law. *See id.* § 602.5106(1). We granted Lloyd's application for further review. *See id.* § 602.5106(2).

**II.** *Scope of review.* A proceeding under Iowa Code section 252D.2 is in equity. *State ex rel. Wagner v. Wagner,* 480 N.W.2d 883, 884 (Iowa 1992) (citation omitted). Accordingly, our review is de novo. Iowa R.App.P. 4. Under such review our duty is

---

**1.** The Iowa legislature repealed Iowa Code section 252C.9 (1993) by 1993 Iowa Acts chapter 79, section 54.

to examine the entire record and adjudicate anew rights on issues properly presented. *State ex rel. Heidick v. Balch*, 533 N.W.2d 209, 211 (Iowa 1995).

III. *Motion to quash the mandatory income withholding order.* Iowa Code section 252D.2(1) provides that a person whose income is subject to mandatory withholding "may move to quash the order of assignment ... at any time upon a showing of a mistake of fact relating to the delinquency." Implying that the mistake of fact is that DHS believed respondent Lloyd Blackwell was Chloe's father when it caused the judgment for child support to be entered, Lloyd argues that since the dissolution court has now disestablished him as Chloe's father, in equity and fairness the child support judgment should not be enforced through the mandatory withholding order. The district court rejected his argument, and we agree with both its conclusion and its rationale.

■ The basis for Lloyd's motion to quash the mandatory income withholding order under Iowa Code section 252D.2(1) is the dissolution decree entered almost two years after the entry of the DHS order and judgment for reimbursement and future support. The dissolution decree, however, at most, only overcame the establishment of Lloyd's paternity of Chloe that the marriage, *see In re Marriage of Schneckloth*, 320 N.W.2d 535, 536 (Iowa 1982), and the DHS order and judgment for reimbursement and future support had established. *See* Iowa Code § 252C.9 (1989).[2] The dissolution decree did not vacate or set aside the DHS order and judgment requiring Lloyd to pay accrued child support because, as the dissolution court recognized, it had no authority to make such an order. Once the DHS judgment for reimbursement and future support had been entered and Lloyd's child support obligations had accrued thereunder, the parties' rights vested and the court could not reduce or cancel the accrued child support retroactively. *See State ex rel. Baumgartner v. Wilcox*, 532 N.W.2d 774, 776–777 (Iowa 1995) (stating "courts do not have the authority under the common law to reduce court-determined sup-

port payments retroactively" and holding district court erred in invoking equitable powers to release disestablished father from accrued child support obligations); *State ex rel. Hunter v. Hunter*, 501 N.W.2d 533, 536 (Iowa 1993) (holding child support judgment could not be vacated or discharged but could only be modified from the date disestablished father's future support obligations ceased); *In re Marriage of Shepherd*, 429 N.W.2d 145, 146–47 (Iowa 1988) (stating courts have no authority to "divest the rights of the parties to ... child support accrued under the original decree" and allowing any reduction of child support only from the date the decision modifying the original decree was filed); *In re Evans*, 267 N.W.2d 48, 52 (Iowa 1978) (holding disestablished father liable for child support accrued and vested between the date when the dissolution decree was entered and the date when the modification decree was entered).

■ Perhaps recognizing this well established principle, Lloyd contends that he is not seeking to have the prior DHS order and judgment for reimbursement and future child support vacated or discharged, but rather he is seeking to have collection of the judgment by mandatory income withholding terminated. He attempts to support his argument with our prior rulings which state that section 252D.2, under which Lloyd brought the motion to quash, must be construed broadly to protect child support obligors. *See Wagner*, 480 N.W.2d at 885 (citing *State ex rel. Keasling v. Keasling*, 442 N.W.2d 118, 123 (Iowa 1989)). We believe that Lloyd's reliance on *Wagner* and *Keasling* is misplaced, and, like the district court, we believe that refusing to enforce a judgment as opposed to vacating a judgment "constitutes a distinction without a difference." If in "fairness" we disallowed the State's right to collect the accrued child support through mandatory income withholding, the result would be the same as if we vacated or set aside the judgment for reimbursement and future child support. As we previously stated, no authority exists for such a determination.

Furthermore, strong policy reasons, such as preservation of judgments, support of de-

2. The Iowa legislature repealed Iowa Code section 252C.9 (1993) by 1993 Iowa Acts chapter 79, section 54.

pendents, and protection of vested interests, *see Shepherd,* 429 N.W.2d at 147, overcome Lloyd's "fairness" argument, even though the dissolution court later determined that he is not Chloe's biological father. This is especially true due to the fact that Lloyd was given notice and an opportunity to contest his paternity of Chloe before the DHS order for reimbursement and future support had been entered by DHS and then the court, *see* Iowa Code sections 252C.3, 252C.4 (1987), but he failed to respond to protect his own interests and chose to assume the responsibilities of the minor child. *See Hunter,* 501 N.W.2d at 536.

As a result, Lloyd must pay the petitioner State the present unpaid amount of child support accrued under the original judgment up until March 8, 1989, the date the dissolution decree overcame the presumption and prior adjudication of his paternity of Chloe. His payment is to reimburse the State for the public assistance it has provided Chloe.

The court of appeals decision and district court ruling are affirmed.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**